## Herron's Appeal.

In a contest between a debtor and his creditors, the policy of the law is to appropriate the debtor's assets to the payment of his debts, unless he brings himself within one of the exceptions provided by the statute.

Coin and bank-notes may be seized and levied on in payment of debts, except where the money is raised by execution *at the suit of the debtor*, or is in his *personal possession*.

Money raised on an execution adverse to the debtor, and not in his *personal possesssion*, is liable to be taken in execution.

An appeal from the judgment of a justice of the peace to the Court of Common Pleas, is not effectual to stay or nullify an execution, unless the transcript is filed within the time limited by law.

APPEAL from the decree of the Court of Common Pleas of *Erie county*, distributing and appropriating the money made by the sheriff's sale of the personal property of R. O'Brien & Co.

R. O'Brien & Co. were merchants in the city of Erie, and failed in business in September, 1856. Three *fi. fas.* were issued against them, upon which their personal property was sold. The sale extended through several days, and was finally completed October 11, in the forenoon. The proceeds of the sale overpaid the three *fi. fas.* about $90, which surplus money was in the sheriff's hands. The *fi. fas.* already mentioned, as well as those hereinafter mentioned, were returnable to the first Monday in November, 1856. On the afternoon of the 11th October, *fi. fa.* in favour of William Boyd was put in the sheriff's hands, upon which he levied upon the surplus moneys in his hands, and upon a small amount of personal property not before levied on. On the 13th October, the *fi. fa.* of R. G. Herron, the appellant, was put in the sheriff's hands, upon which he made the same levy as upon Boyd's writ. On the 14th October Duggan & Berry placed in the sheriff's hands *fi. fa.* in their favour, upon which levy was made upon the small amount of personal property before referred to, but not upon the surplus money.

On the 23d October the sheriff sold the property levied upon for $28.75, and at the return of the writ brought that and the surplus money levied on into court for appropriation, and John W. Douglass, Esq., was appointed auditor to make distribution. The main difficulties in the case arose from some collateral matters in connexion with Herron's execution, the facts of which are as follows :—

On the 27th September, 1856, Herron brought suit before a justice of the peace against O'Brien & Co., and on the 3d of October, 1856, recovered a judgment against them by default for $74.46, and costs. The same day *exit* execution and return

[Herron's Appeal.]

"*nulla bona.*"   October 6, Herron took a transcript, and filed it in the Common Pleas October 7, 1856.   October 13, 1856, this *fi. fa.* was issued and levied.   On the same day (October 13, 1856), O'Brien & Co. entered bail for an appeal to the Common Pleas.   This appeal was never perfected.   No transcript was taken or filed by defendants.

O'Brien & Co., defendants, claimed the surplus money before mentioned, and they and Duggan & Berry both claimed that Herron's execution became void upon the entering bail for the appeal, and the last-named parties claimed the money, after the payment of Boyd's execution of about $18.

The auditor appropriated sufficient of the surplus money to pay Boyd's and Herron's *fi. fas.*, and the whole of the money made from the sale of the personal property, $28.75, to Duggan & Berry's *fi. fa.*, it having no levy on the money, and the others had,—leaving a surplus in the sheriff's hands unappropriated of $26.71.

To the auditor's report Herron, Duggan & Berry, and O'Brien excepted.

The court (GALBRAITH, P.) decreed the money from the sale of the personal property to Boyd's *fi. fa.* sufficient to satisfy it, and the remainder to the *fi. fa.* of Duggan & Berry, and the surplus money from former sales in the sheriff's hands to the defendants, O'Brien & Co., disregarding entirely Herron's *fi. fa.*, which decree he assigns as error, and from it appeals.

*Grant*, for appellant, referred to Davis *v.* Ward, *Philad. Rep.* 216; Lee *v.* Farrel, *Com. Pleas, Phila.*, 14th May, 1853; § 14, Act of 1810; § 5, Act of April 1, 1823; § 93, Act of June 16, 1836; § 24, *Id.*, *Purdon* 331; Turner *v.* Fendal, 1 *Cranch* 117.   And submitted the case on the paper-book, without argument.

No appearance for appellee.

The opinion of the court was delivered, November 3, 1857, by

LEWIS, C. J.—This is not a controversy between lien creditors, but a contest between a creditor justly entitled to payment, and the debtor who unjustly withholds it.   In such a contest the policy of the law is to appropriate the debtor's assets to the payment of his debts, unless he brings himself within one of the exceptions provided by statute.   The exemption laws preserve from execution a certain amount of property supposed to be necessary for the comfortable existence of the debtor and his family; but the surplus money levied on in this case is not within the letter or spirit of these laws.   The Act of 16th June, 1836, expressly authorizes the seizure of coin, or bank notes in payment of debts,

[Herron's Appeal.]

except where such money is raised by execution *at the suit of the debtor*, or is in his *personal possession*.

In this case it was raised by the execution of another creditor, and was not in the personal possession of the debtor. It was therefore justly and legally liable to be taken in execution.

But it seems that Richard G. Herron obtained a judgment before a justice, issued an execution thereon, which was returned "no goods," and filed a transcript in the Common Pleas, by virtue of which he issued a *fi. fa.*, and levied on the money in question. After the transcript was filed in the Common Pleas, but within the twenty days allowed for an appeal, R. O'Brien & Co., the debtors, entered bail for an appeal from the judgment of the justice of the peace; but they never filed the appeal in the Common Pleas. By the terms of the Act of Assembly, the appeal is "effectual" if the transcript be "filed in the prothonotary's office on or before the first day of the next term of the Common Pleas, after entering such bail as aforesaid." As between debtor and creditor, the failure to enter the transcript within the period prescribed by law rendered the appeal entirely ineffectual. It is not necessary to express an opinion on the effect of entering bail for an appeal in giving one creditor a preference over another. It is sufficient to say that the debtor himself can gain no advantage, either by his own fraud or his own negligence.

> The appellant is entitled to be paid out of the surplus money. The decree of the Court of Common Pleas of the county of Erie is reversed, and it is further decreed that the money in court be distributed according to the report of the auditor. It is further decreed that the costs be paid by Richard O'Brien and P. Grace, doing business under the name of R. O'Brien & Co.