## Fenton, Trustee, *versus* Fisher.

1. Any interest which a judgment debtor may have in a decedent's estate, whether converted or unconverted, is subject to attachment execution.

2. A trustee appointed by the Orphans' Court to make a sale in partition is not a public officer, and the interest of a party in the proceeds in the hands of such trustee is subject to attachment execution.

April 23, 1884.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas, of *Montgomery county:* Of July Term, 1883, No. 76.

The material facts of this case were these: On December 30, 1881, Margaret Fisher recovered judgment against Edwin E. Fisher for $250. On July 29, 1882, the death of the plaintiff was suggested, and Andrew J. Fisher, administrator of her estate, was substituted of record. The defendant was one of the heirs of Christian Fisher, deceased, who died seised of certain real estate. In proceedings in partition in the Orphans' Court, John M. Fenton was appointed trustee, under section 44 of the Act of February 24, 1834, P. L., 81, for the purpose of making sale of said real estate. After the sale was made an auditor was appointed to distribute the fund in the hands of the trustee. The auditor distributed to G. R. Fox, Esq., attorney for Edwin E. Fisher, one of the heirs of the decedent, the sum of $340.33. Before this money was paid by the trustee to Mr. Fox, Andrew J. Fisher, administrator, etc., issued an attachment execution on the above mentioned judgment against said John M. Fenton, garnishee, to attach the interest of the defendant in the fund in the hands of said garnishee.

On motion of defendant's counsel the court granted a rule to show cause why the attachment should not be dissolved, and the writ quashed, which rule the court discharged, and entered judgment against the garnishee, on his answers, for

$230, the sum admitted to be due the defendant in the garnishee's hands, less costs and garnishee's counsel fee.

The garnishee thereupon took this writ of error, assigning for error the discharge of said rule, and said judgment.

*Charles Henry Jones* and *Gilbert R. Fox*, for the plaintiff in error.—The garnishee was the officer of the Orphans' Court to make the sale in partition, and attachment execution will not lie against funds in his hands. The Orphans' Court had exclusive jurisdiction of the proceeding and of the fund, which was *in custodia legis*, and therefore exempt, by policy of law, from attachment in execution: Vandever v. Baker, 1 Harris, 126; Miles v. Diven, 6 Watts, 150; Sage v. Nock, 4 Clark, 518. This rule exempts treasurers of Boards of School Directors: Bulkley v. Eckert, 3 Barr, 368; Prothonotaries—Ross v. Clarke, 1 Dallas, 354; Justices of the Peace—Corbyn v. Bollman, 4 W. & S., 342; Sheriffs—Bentley v. Clegg, 1 Clarke, 411; Constables—Crossen v. McAllister, 1 Clarke, 257; State and County Treasurers and officers of Municipal Corporations—The City of Erie v. Knapp, 5 Casey, 174; the Warden of a Penitentiary—Davies v. Gallagher, 14 W. N. C., 159.

*Charles Hunsicker* (*H. B. Dickinson* with him), for the defendant in error, cited: Gochenaur's Executors v. Hostetter, 6 Harris, 416.

Mr. Justice TRUNKEY delivered the opinion of the court, May 19, 1884.

" Any interest which any person or persons may have in the real or personal estate of any decedent, whether by will or otherwise, or so much thereof as may be necessary to satisfy the demand and costs of claimant, shall be subject and liable to be attached by any creditor or creditors of such person or persons, by writ or writs of foreign attachment in the hands or possession of the executor or administrator, or in whose hands or possession soever the same may be, as fully and effectually as in other cases : " Act, July 27, 1842, P. L., 436. The Act of April 13, 1843, P. L., 235, provides that all such interests shall be " subject to be attached and levied upon in satisfaction of any judgment, in the same manner as debts due are made subject to execution." These remedial statutes are too plain for need of interpretation, and since the decision in Gochenaur's Executor v. Hostetter, 18 Pa. St., 414, the courts have not undertaken by construction to thwart the intendment of the legislature as to a creditor's right to attach his debtor's interest in a decedent's estate.

[Fenton *v.* Fisher.]

Edwin E. Fisher, as one of the heirs of Christian Fisher, deceased, is entitled to a distributive share in the estate. Before the writ of execution attachment was issued the real estate was converted into money for the purpose of distribution, the sale having been made by a trustee appointed by the Orphans' Court in a proceeding in partition. The interest of the debtor was subject to attachment at any time after the death of the decedent, whether converted or unconverted, and after conversion, while the money was in the hands of the trustee, he was a person within the meaning of the statute as clearly as if the interest were in the hands of an executor or administrator. In partition when all the heirs refuse to take the real estate at the valuation, the court may make a decree authorizing and requiring the executor or administrator to make sale, but if the executor or administrator neglect or refuse to execute the order, or in case there be no executor or administrator, the court may appoint a trustee to make such sale, who shall be subject to the same restrictions, and have the same powers, and whose proceedings shall have the same effect as in case of such sale by an executor or administrator: Act March 29, 1832, P. L., 203 ; Act Feb. 24, 1834, P. L., 86.

Under the statute, for purpose of sale, account and distribution of the proceeds, the trustee stands as if an executor or administrator. His office is of the same nature as regards the sale. He is not in any sense a public officer, nor is he a mere agent of the court, as a receiver. Whether the sale is effected by the administrator, or a trustee specially appointed, it is judicial, the terms stipulated by the court, and done in pursuance of the statute to accomplish distribution among the parties interested. Another statute subjects such interests to attachment in whosesoever hands or possession they may be. This is not the case where money is paid into court, or is in the hands of an officer or agent of the court, or of a public officer.

The decree awards the money to G. R. Fox, attorney for Edwin E. Fisher, and the plaintiff in error claims that the execution creditor cannot recover because Fox is not a party. It does not appear that Fox has any interest in the money, nor why it was awarded to the attorney instead of his client, the owner ; but as it is to him as attorney, he is a mere trustee for the owner. The money had not come into the possession or hands of Fox, the attorney of Fisher, and there was no reason why he should be made a party.

Judgment affirmed.