## Weeter's Estate.

*Will—Conversion—Power to sell real estate.*

An absolute direction to sell lands after the death of testator's widow and to divide the proceeds among his children, effects an equitable conversion thereof into personalty, and the interest of one of the children is not bound by a judgment against him before a sale, as real estate. This rule applies where the testator gives a power of sale over real estate to his widow, to whom he has given a life estate, and directs that if any of it remains unsold after her death, it shall be appraised, and the children given a choice to take it at the appraisement, the eldest son to have the first choice, and that if none of the children take it, the executors shall then sell it.

*Devise—Vested and contingent remainders—Attachment—Conversion.*

Where testator gives his real estate to his wife for life, coupled with a power to sell or dispose of any part of it, with remainder over to his children as to any part remaining unsold, with direction that if the children should not take the unsold part at an appraisement, the executors should sell it and divide the proceeds among the children, the latter take vested interests in the estate at the time of the testator's death, subject to the life estate of the mother, and such interest is converted into personalty by the terms of the will, and is subject to attachment in the hands of the executors.

Argued May 6, 1902. Appeal, No. 110, April T., 1902, by W. F. Collner, from decree of O. C. Clarion Co., Feb. T., 1901, No. 8, dismissing exceptions to auditor's report in estate of Henry Weeter, deceased. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Exceptions to report of A. A. Geary, Esq., auditor.

The facts appear by the opinion of the Superior Court.

*Error assigned* was decree of CLARK, P. J., dismissing exceptions to auditor's report.

*J. T. Maffett*, with him *Louis Collner*, for appellant.—The estate vested in the children: Cascaden's Estate, 153 Pa. 170; Coggins's App., 124 Pa. 29; Chess's App., 87 Pa. 362; Manderson v. Lukens, 23 Pa. 31; Carstensen's Estate, 196 Pa. 325; Gill's Estate, 5 Pa. C. C. Rep. 616; Neely v. Grantham, 58 Pa. 433.

Our contention is that the distributive share of John Weeter in the estate of Henry Weeter should have been awarded to the appellant, and this, whether his attachment is valid, or not. We claim that the real estate of Henry Weeter was not converted by his will until there was an actual sale of the same by his executors. There was only a conditional direction to sell. We hold that the appellant's judgment having been entered after the death of Henry Weeter, it became a lien on the interest of John Weeter in his father's real estate, and that lien having been kept up by revival, was in force at the time of the sale of the farm by the executors: Nagle's App., 13 Pa. 260; McClure's App., 72 Pa. 414; Yerkes v. Yerkes, 200 Pa. 419; Thomas v. Simpson, 3 Pa. 60; Mitchell v. Hamilton, 8 Pa. 486.

The power given to the widow to use and sell the property did not enlarge her life estate: Hinkle's App., 116 Pa. 490; Kennedy v. Kennedy, 159 Pa. 327.

*F. J. Maffett*, with him *J. A. F. Hoy* and *B. J. Reid*, for appellee.—If we concede, as claimed by appellant, that the will of Henry Weeter did not work a conversion of his real estate (and both sides agree that the fund in controversy is the proceeds of the sale of real estate), the question at issue must be decided in favor of the appellee, no matter whether the interest of John Weeter in that real estate was vested or contingent during the widow's life.

If it was not vested it would not be attachable, nor would the lien of a judgment against him attach to it. But if vested, then the lien of the appellant's judgment expired before the

widow's death, and the lien of appellee's judgment, entered after her death, of course took priority.    When the contingency is attached to the legacy, not merely to the time of payment, the legacy itself is contingent : Gilliland v. Bredin, 63 Pa. 393 ; Pennock v. Eagles, 102 Pa. 290.

Where there is no antecedent gift or bequest independent of the period fixed for payment, then it is not vested but contingent : Bowman's Appeal, 34 Pa. 22 ; Seibert's Appeal, 13 Pa. 503 ; Moore v. Smith, 9 Watts, 403 ; Coggins's Appeal, 124 Pa. 32 ; Safe Deposit, etc., Co. v. Wood, 201 Pa. 426, 427 ; McClure's Appeal, 72 Pa. 415, 417 ; Reed's Appeal, 118 Pa. 215 ; Provenchere's Appeal, 67 Pa. 463 ; Burd v. Burd, 40 Pa. 182 ; Chess's Appeal, 87 Pa. 362; Patterson v. Hawthorn, 12 S. & R. 113 ; Magoffin v. Patton, 4 Rawle, 116 ; Manderson v. Lukens, 23 Pa. 31.

OPINION BY BEAVER, J., October 13, 1902:

The appellant and appellee both claim the interest of John Weeter in the estate of his father, Henry Weeter, which arises under and is defined by the will of Henry Weeter, deceased. As two important questions arise in the case, the provisions of the will, under which they arise, are quoted at length :

" First. I give, devise and bequeath to my beloved wife, Frances Weeter, all my property, real, personal and mixed, of what nature or kind soever and wheresoever the same may be at the time of my death, to have and to hold the same during her natural life, for her own proper use and behoof, or to dispose of all or any part thereof as she may deem proper and just; and, if my said wife Frances Weeter should choose or think proper to sell or dispose of any part or all of my real estate, I hereby authorize her to make a deed or deeds of conveyance for all she may see fit to sell or dispose of my real estate in fee simple, so that the purchaser may have as good a deed to all intents and purposes as I could do, if living ; and further, I order and direct that my beloved wife, Frances Weeter, shall have and hold and control all the properties and privileges hereinabove described, without any appraisement or inventory, or any process of law whatever, and that my executors hereinafter named shall not take control of anything until after the death of my said wife or at such a time that she may

direct my executors to take charge of the estate, except to see that this my will shall be probated at the proper time. After the death of my beloved wife, Frances Weeter, whatever property, if any, real estate or personal property, remains unsold, shall be taken charge of by my executors, hereinafter named, and be disposed of in manner following: The personal property to be sold at public sale; the real estate, if any remains unsold, to be appraised or valued in the usual or legal way and manner; and, if any of my children and heirs shall choose and wish to take the property at the appraisement or value put thereon, they shall have the right to do so. My oldest son, Samuel Weeter, to have the first choice. If he does not want it, then my next oldest child to have the privilege of taking the property at the aforesaid appraisement, and so alternately to the youngest child; and, in case no one of my children elects to take my real estate property as aforesaid, then my hereafter named executors shall, at their discretion or in their best judgment as to the time to sell, so as to realize the best price possible, and also to have the right to adjourn the sale from time to time, as their best judgment may determine, sell or dispose of the real estate property, either at public sale or private sale, as they may think best, and to the best advantage to all concerned, and further I authorize my hereinafter named executors to make and execute a deed or deeds of conveyance for any part or all of my real estate property, and I order and so direct that the proceeds of all of my property, both real and personal, shall, as soon as the proceeds of sales can be conveniently collected together, to be divided between my children, share and share alike, except my son Samuel Weeter is to have one hundred dollars more than any other one of my children for his share." The children are then named and among them is John Weeter, whose interest is claimed both by the appellant and the appellee. Henry Weeter died March 11, 1893, leaving to survive him a widow and several children, including John.

The appellant, Collner, entered judgment, after the death of Henry Weeter, against John Weeter, March 11, 1893, which has been duly revived and the lien maintained by scire facias. He also issued an attachment execution July 7, 1896, summoning Samuel Weeter and Elias B. Sheffer, executors of Henry Weeter, deceased, as garnishees, which was served upon

the garnishees July 8, 1896, which was prior to the death of the widow. Knight, the appellee, entered judgment against John Weeter, July 18, 1898, and issued an attachment execution thereon, summoning E. B. Sheffer and Samuel Weeter, executors of Henry Weeter, deceased, as garnishees, which was served July 18, 1898, subsequent to the death of the widow.

The appellant contends (1) that the interest of John Weeter in his father's estate became vested in him as real estate at the death of the testator, and that he is, therefore, entitled to the distributive share of the said John Weeter, by virtue of the lien which he acquired by the entry of his judgment. (2) That, if the interest of John Weeter was not real estate at the time of the death of his father, it was a vested interest which was subject to attachment in the hands of the executors, and that he is, therefore, entitled to the distributive share of John Weeter in the hand of the executors by virtue of his attachment execution.

The appellee claims that John Weeter's interest was not real estate, and that it was so uncertain and contingent, under the terms of the will, that it could not be determined until the death of the widow, and that his attachment, having been issued subsequent to the death of the widow, takes John Weeter's distributive share in the hands of the executors.

The court below finds, as a fact, that the fund in the hands of the executors for distribution arose from the sale of real estate, and also finds, under agreement of counsel representing the different claimants, " (1) An inventory and appraisement of the personal estate of the decedent was made October 14, 1898, and filed January 25, 1902. (2) That an appraisement of the real estate of said decedent, as directed in his last will and testament, was made after the decease of his widow, and an opportunity given to all of the children of said decedent named in said last will and testament to accept the same, under the terms of said will, and that all of said children declined to accept the same, and the same was sold by the executors, in accordance with the directions contained in said will."

1. Assuming for the present that John Weeter acquired an interest in his father's estate, under the terms of the will at the death of the testator, what was that interest? The appel-

lant claims that it was real estate and, therefore, bound by the lien of his judgment, entered after the death of the testator. It is not necessary to cite authority for the well established rule that " an absolute direction to sell lands after the death of the testator's widow, and to divide the proceeds among his children, effects an equitable conversion thereof into personalty, and the interest of one of the children is not bound by a judgment against him before a sale, as real estate:" Jones v. Caldwell, 97 Pa. 42, and cases there cited. The appellant claims, however, that, because the testator provides that the " real estate, if any remains unsold, to be appraised or valued in the usual or legal way and manner, and, if any of my children and heirs shall choose or wish to take the property at the appraisement or value thereof, they shall have the right to do so, my oldest son, Samuel Weeter, to have the first choice," etc., the direction to the executor to sell is remote and contingent and does not, therefore, work a conversion, and cites Neely v. Grantham, 58 Pa. 433, in support of his contention. As in Jones vs. Caldwell, supra, this provision of the will of Henry Weeter merely gave the heirs the right to elect to take the property as real estate. " The law gives them this right independently of the will. It is well settled that where real estate is ordered to be sold, the parties interested in the proceeds may elect to take the land as such: Smith v. Starr, 3 Whar. 62; Rice v. Bixler, 1 W. & S. 445." Mr. Justice PAXSON, in this case, comments upon and distinguishes Neeley v. Grantham, supra. We are clearly of the opinion that the explicit directions of the testator to the executors to sell the property worked a conversion into personalty, and whatever estate John Weeter took under the will of his father was personal property.

2. Was the interest of John Weeter vested or contingent? In Manderson v. Lukens, 23 Pa. 31, it was said: " The question of vested or contingent is not to be tested by the certainty or uncertainty of obtaining the actual enjoyment, for that would make the character of the estate depend not upon the terms of its creation but on the form of the result. Neither does it depend upon the defeasibility or indefeasibility of the right of possession; for many estates are vested without possession, as well as with, which are yet defeasible. If there is a

present right to a future possession, though that right may be defeated by some future event, contingent or certain, there is, nevertheless, a vested estate." This doctrine was expressly affirmed in Carstensen's Estate, 196 Pa. 325. See also Safe Deposit, etc., Co. v. Wood, 201 Pa. 420. It is true that the testator, in connection with her life estate, gave his widow the right to sell so much of the real estate as she might desire, but it is evident that the testator's intention was that the wife would dispose only of such part of the real estate as was, in her judgment, necessary. It was, therefore, the amount which John Weeter should receive rather than the interest itself which was contingent. The case of Patterson et al. v. Caldwell et al., 124 Pa. 455, upon which the appellee relies, does not seem to us to apply. In that case the will of the testator created certain spendthrift trusts as to the income of his residuary estate in favor of his children and grandchildren, and provided that " either at the death of the last survivor of my now living children or grandchildren who may be living at the time of my death, or at the expiration of twenty-one years from my own death, whichever event shall first happen," the principal of his estate should vest absolutely for distribution to those entitled to the income. It could not, therefore, be determined, until either of the events contemplated in his will should happen, who should be entitled to distribution, and it was this uncertainty which led to the decision of the court that the interest of the legatees was not subject to attachment. The present chief justice, who delivered the opinion in that case, said: " But it is claimed that she has an interest in the principal of the estate which may be attached and appropriated to the payment of her debts. The will appoints a time for the distribution and vesting of the principal of the estate. The persons who are then the recipients of the income of it will take it absolutely, but it is impossible to determine now who will at that time be entitled to receive the income and constitute the beneficiaries under the provisions of the will which dispose of the principal. We think, therefore, that Mrs. Lynde's interest in the principal of the estate is contingent. These conclusions result from a consideration of the whole will and are in accord with the manifest intention of the testator. It is quite evident that it was not his purpose to sub-

ject the principal of his estate to seizure and sale for the debts of his children and grandchildren, while he carefully placed the income of it beyond the reach of their creditors." There is no such contingency here. The distribution among the children of Henry Weeter was provided in his will and made absolutely certain. In case of the death of John Weeter, his share of the estate would undoubtedly have descended to his children or other heirs. We think, therefore, that he had a present vested interest in the estate of his father at the time of the father's death, subject to the life estate of his mother, and that such interest was converted into personalty by the terms of the will and was the subject of attachment in the hands of the executors : Fenton v. Fisher, 106 Pa. 418. It follows, therefore, that the appellant's attachment, which was first served upon the executors, was entitled to the distributive share of John Weeter and that his share, amounting to $215.25, should have been appropriated to him instead of to G. A. Knight on the attachment execution issued by him subsequently. The decree of the court below is, therefore, reversed, the exception to the auditor's report filed by the appellant is sustained, and the record is remitted to the court below, with directions to make distribution in accordance with this opinion, costs of this appeal to be paid by the appellee.