# Mechanics' National Bank v. Buckman.

*Will—Construction—Vested and contingent interests—Foreign attachment.*

1. Where a testator gives the income of a sum of money for life to a nephew, and provides that in the event of the life tenant dying without issue living at the time of the life tenant's death, the fund should vest amongst the testator's grandnieces and grandnephews then living, the remainder to the grandnieces and grandnephews, is a contingent and not a vested remainder.

2. A foreign attachment issued against a contingent interest in a decedent's estate, and still outstanding and unsatisfied at the time the

interests vest by the death of a life tenant, has priority over a foreign attachment issued and served after the date when the interest vested.

Argued Dec. 11, 1913.   Appeal, No. 169, Oct. T., 1913, by Elwood W. Watson, from judgment of C. P., No. 3, Phila. Co., Sept. T., 1909, No. 10, for plaintiff on answers in case of Mechanics' National Bank of Trenton v. W. A. Buckman and George Buckman. Before Rice, P. J., Henderson, Orlady, Head and Porter, JJ. Affirmed.

Rule for judgment on answers to interrogatories and foreign attachment.

William M. Stewart, Jr., J., filed the following opinion:

This is a rule for judgment against the Pennsylvania Company for Insurances on Lives and Granting Annuities, trustee under the will of Isaiah Williamson, garnishee, for amounts admitted in the answers to the interrogatories to be due the defendants.

The essential facts as they appear from the pleadings are as follows:

On July 1, 1909, the Mechanics' National Bank of Trenton issued a foreign attachment against William A. and George Buckman founded upon a claim upon a note, and on the same day summoned the Pennsylvania Company for Insurances on Lives and Granting Annuities as garnishees, attaching in the hands of said company "all sums of money, legacies and distributive shares due by or from the Pennsylvania Company for Insurances on Lives and Granting Annuities as trustee or otherwise to the defendants or either of them."

On April 17, 1912, judgment was entered against the defendants for want of an affidavit of defense, and damages were assessed at $7,994.   On March 1, 1913, interrogatories were filed, to which answers were made by the garnishee, averring, inter alia, that each of the

said defendants was entitled to one thirty-eighth of one-fourteenth of a fund held under the second item of the will of Isaiah V. Williamson, deceased, which, with interest, amounted, according to the adjudication of the orphans' court, to $1,314.92 principal, and $68.79 income, due to each of said defendants; that said sums were payable to the defendants by reason of the death of Edward C. Williamson, and we are informed that this happened October 11, 1911. The garnishee further answered that it had been served with various other attachments and assignments, a memorandum of which was attached to the answers. The assignments and attachments which have a bearing on this issue are as follows:

1. Assignment by George Buckman to John C. Loud, dated March 2, 1909, notice of which was served upon garnishee on July 23, 1909, wherein for the consideration of $1.00 the said George Buckman assigned all his interest in the estate of Isaiah V. Williamson "whether said interest be present or prospective, vested or contingent or residuary."

2. Foreign attachments which were served upon the garnishee on October 14, 1911, in the following suits: (a) Ellwood W. Watson v. William A. Buckman, C. P., No. 3, December Term, 1911, No. 36, wherein judgment was entered for want of an appearance on August 28, 1912, for $2,201.64, with interest from February 28, 1908, to August, 1912, $594.44; (b) Ellwood W. Watson v. George Buckman, C. P., No. 3, December Term, 1911, No. 39, wherein judgment was entered for want of an appearance on August 28, 1912, for the amount of the debt, $765.95, and interest $202.99; (c) A. C. Reeves v. George Buckman, C. P., No. 3, December Term, 1911, No. 40, wherein judgment was entered for want of an appearance on August 28, 1912, for the amount of the debt, $213.93, and interest, $59.09; (d) A. C. Reeves v. William A. Buckman, C. P., No. 3, December Term, 1911, No. 41, wherein judgment was entered for want

of an appearance for the amount of the debt, $536.02, and interest, $144.84.

3. Assignment by William A. Buckman and George Buckman, dated September 14, 1911, notice of which was served upon the garnishee on October 17, 1911, whereby they assigned to Joseph Boyer the sum of $600, being the $300 which each claimed under the exemption law of the state of Pennsylvania, and the balance of their distributive interest in the estate of Isaiah V. Williamson was assigned to the Mechanics' National Bank of Trenton to the amount of $6,000. This assignment further recited that at the expiration of five months after its execution and the acceptance thereof by the Pennsylvania Company for Insurances on Lives and Granting Annuities the attachment of July 1, 1909, should be discontinued at the cost of the plaintiff.

Subsequently supplemental answers were filed setting out in full the clauses of the will of Isaiah V. Williamson bearing upon the interest of these defendants, as follows:

"Item Second. I give and bequeath unto each one of the children of my Brother Peter Williamson and of my Brother Jesse Williamson and of my deceased brother Mahlon Williamson and of my Sister Sarah Ann Buckman and of my sister Elizabeth Y. Moon (including the issue of children now deceased, and the issue of children who may be deceased at the time of my death) the income and interest on Sixty Thousand dollars during life and from and after his or her decease the income of said Sixty Thousand dollars to be divided amongst and paid to his or her issue equally until the age of twenty-one years; and in case any child of either of my said brother or sisters be deceased leaving issue, such issue shall stand in place of the deceased parent and shall take (if more than one collectively) the same share which his, her or their parent would have taken if living, and no more. And when any such issue (who shall be the grand child of my Brother or Sister) shall attain

the age of twenty-one years (and after the decease of his or her parent) he or she shall be paid an equal share of the principal fund of Sixty thousand dollars, the income of which has been disposed of as above, and the remainder of said Sixty thousand dollars shall be kept invested and the income thereof shall be equally divided amongst the remaining infant issue (grand children as aforesaid) until the next child attains the age of twenty-one, at which time he or she shall be paid an equal share of said Sixty thousand dollars, and the residue thereof shall be kept invested and the income equally divided amongst the remaining infant issue as aforesaid; and in like manner as each grand child attains the age of twenty-one shall he or she receive his or her portion of the principal, and the income shall be divided 'as aforesaid, until the youngest grand child attains the age of twenty-one, and the entire fund shall be distributed amongst the grand children as each attains the age of twenty-one. And should any grand child of my brother or sister die before the age of twenty-one, his or her share shall go to his or her heirs. And should any child of my brother or sister die without having any issue living at the time of his or her death, then the amount of principal of which such child has received the income, namely, Sixty thousand dollars, shall be added to the general fund in this item named and vest in and be divided amongst the grand children of my other brothers and sisters in this item named then living per capita and not per stirpes and be paid to them as they respectively attain the age of twenty-one years. Provided, however, if at the time the issue of any brother or sister may become extinct as aforesaid, such brother or sister of mine should then be living, I direct that he or she shall receive the income on such sixty thousand dollars during his or her life, and on his or her decease the fund of sixty thousand dollars shall be disposed of as above mentioned."

"Item Fourteenth. The rest, residue and remainder

of my estate, real, personal and mixed, wherever situated, vested, contingent or future, after satisfying the foregoing bequests, as such remainder shall be realized and converted into proper securities by my executors, as provided in Item Seventeenth of this will, shall be by them transferred and delivered to the Pennsylvania Company for Insurances on Lives and Granting Annuities, of this city, which company shall hold the same as a trustee and in special trust as follows: That is, to keep the same invested in productive securities in manner provided in Items Sixteenth and Seventeenth and after deducting the proper charges and expenses incident to the management of said investments and securities to add the interest and income thereof to the capital, and thus accumulate and increase this fund until the expiration of ten years after my decease, at which time it shall be divided amongst such of my grand nephews and grand nieces who shall then be living, as are the issue of my brothers and sisters named in the second item of this will, which fund shall then be distributed to each one per capita and not per stirpes an equal share thereof; provided, however, such shares shall not be paid until each person thus ascertained shall attain the age of twenty-one years, excepting however from this proviso the shares of all who would not attain the age of twenty-one years after my decease—and I direct that this fund shall all be paid to the persons who shall become entitled as aforesaid at the end of ten years from my decease, within the period of twenty-one years therefrom; and all income accruing after said ten years shall be accumulated on each share and paid with the principal. Thus said entire fund and accumulated income must be paid over within twenty-one years after my decease."

It further appeared from the record that the defendants, William A. Buckman and George Buckman, are the grandchildren of Sarah A. Buckman, sister of the testator named in Item Second of his will above, and

that Edward C. Williamson, a nephew of testator upon whose death under the provisions of the will the said William A. and George Buckman became entitled to the possession of the fund admitted by the garnishee to be in its hands, was the nephew of Isaiah V. Williamson, the testator, and that the said Edward C. Williamson died October 11, 1911, unmarried, and with no issue surviving him.

Upon the filing of the answers as above the Mechanics' National Bank of Trenton took a rule to show cause why judgment should not be entered against said defendants for the amounts admitted to be due each of them under the adjudication of the orphans' court, to wit: Principal, $1,314.92, and income $68.79.

The questions that arise under this rule are:

1. Was the interest of each of these defendants vested prior to the death of Edward C. Williamson?

2. If these interests were not vested, were they attachable at the time this plaintiff issued the foreign attachment in this suit?

3. If the interest of these defendants was contingent at the time the foreign attachment was served, and there had been no proceedings under said attachment until after the said interest did vest, will the original attachment of the bank hold as against the subsequent attachments of Watson and Reeves, above noted, which were served after the interests of these defendants became vested?

4. What effect, if any, has the assignment of George Buckman to John C. Loud, notice of which was given to the garnishee on July 23, 1909?

5. What effect, if any, has the assignment of William A. and George Buckman to the Mechanics' National Bank of Trenton, which was executed September 14, 1911, prior to the death of Edward C. Williamson, notice of which was not given to the garnishee until after that period and after the issuing of the attachments by Watson and Reeves as above?

On the first question, namely, whether or not the interests of these defendants were vested prior to the death of Edward C. Williamson, we are of opinion that under the decisions the interests of these defendants did not vest at the death of the testator, for the reason that these remainders depend upon the double contingency of the death of Edward C. Williamson without leaving issue then surviving him and the survival of these defendants at that time and these contingencies relate to the gift itself and not to the time of payment.

The argument of counsel for plaintiff, wherein he draws certain conclusions from what he conceives to be the intent of the testator to make an outright gift and merely postpone the right to possession, is very ingenious but not convincing. In view of the express direction in the will that upon the death of a child of a brother or sister, this fund shall then "vest" in the grandchildren, etc., and the construction put upon somewhat similar language by the Supreme Court, we are convinced that the interests of these defendants did not vest until October 11, 1911, the date of the death of Edward C. Williamson.

It has been argued that, if the interests of these defendants are contingent, it follows from the cases of Patterson v. Caldwell, 124 Pa. 455, and Day v. New England Life Ins. Co., 111 Pa. 507, that they cannot be attached under this foreign attachment proceeding. But all that was decided in those cases was that when answers were filed showing that the interest attached was purely contingent the court would not allow a judgment to be entered against the garnishee; and this brings us to a discussion of the third question.

As the interests of these defendants had undoubtedly vested upon the death of Edward C. Williamson and at the time the interrogatories were filed in this suit, it would seem that immediately on the vesting of the same and while the plaintiff's attachment was still outstanding as a valid process, the said fund became, in

the hands of the garnishee, subject to the original attachment, for it is well settled that a foreign attachment binds all funds that may come into the hands of the garnishee after the service of the writ and before judgment is entered or before the attachment is dissolved. See Silverwood v. Bellas, 8 Watts, 420, where a foreign attachment bound a fund which came into the hands of the garnishee, a bank, more than three years after the original attachment had been issued. This attachment, therefore, takes precedence over the two later attachments served after the death of Edward C. Williamson.

This conclusion renders unnecessary any further discussion of the fifth question above, namely, the effect of the assignment of William A. Buckman and George Buckman dated September 14, 1911. Moreover, it would appear that said assignment had been treated by the parties as nonexistent, for one of its conditions was that within four months after its date the attachment that is now before us should be discontinued.

What effect has the assignment by George Buckman to John C. Loud, notice of the same having been given to the garnishee prior to the service of the attachment in this suit?

This assignment being an equitable one, passed both the present and contingent interests of said George Buckman, and for that reason judgment cannot be entered under this rule against said George Buckman without notice to the assignee and on opportunity given him to show the bona fides of this assignment.

The rule for judgment, therefore, as to George Buckman is discharged, and the rule for judgment against William A. Buckman is made absolute, and it is adjudged that the garnishee has in its hands the sum of $1,383.71 due the defendant, less garnishee's counsel fee of $25.00.

*Error assigned* was the judgment of the court.

*E. W. Kirby*, of *Morris & Kirbey*, for appellant.

*Thomas Ross*, with him *Harman Yerkes* and *George Ross*, for appellee.

OPINION BY ORLADY, J., February 20, 1914:

The very elaborate argument of the appellant in this case, is fully answered by the opinion of the learned judge of the court below (STEWART, J.), from which this appeal is taken, and the judgment he entered is affirmed for the reasons he gives.