# Stiffler's Estate.

*Rules of court, Indiana County—Attachment execution—Answer of garnishee—Traverse.*

Rule 40 of Rules of Court, Indiana County, requires the plaintiff in attachment execution to traverse the answer of a garnishee who denies that he has assets in his hand subject to attachment, upon penalty of dissolution of the attachment for failure so to do. Such a rule is not applicable to a case where the garnishee admits possession of certain funds, but avers that it cannot ascertain how much, if any, will remain subject to the attachment after payment of certain prior liabilities.

*Judgments—Attachment execution—Scire facias—Satisfaction.*

An attachment execution is not affected by the subsequent issuance of a scire facias to revive the original judgment, or by the entry of judgment thereon. The plaintiff can have only one satisfaction, but is entitled to all process necessary to obtain that.

*Attachment execution—Judgment against garnishee—Evidence —Sufficiency.*

Where, upon an attachment execution, an executor garnishee answered that it was impossible to ascertain how much, if anything, the defendant was entitled to, until the estate was settled, and subsequently presented an inconsistent defense with evasive, inconclusive and conflicting evidence, judgment was properly entered against the garnishee.

Argued April 12, 1922. Appeal, No. 1, April T., 1922, by G. W. Stiffler and A. H. Stiffler, Executors, from the decree of O. C. Indiana County, Sept. T., 1918, No. 30, sustaining exceptions to award by auditor, in the Estate of Peter W. Stiffler, deceased. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Exceptions to distribution of balance in hands of executors of decedent's estate. Before LANGHAM, P. J.

The facts are stated in the opinion of the Superior Court.

The court appointed an auditor to make distribution of funds in executors' hands, and subsequently extended

his authority to include disposal of a pending attachment execution. Upon exceptions to the award of the auditor, the exceptions were sustained, and distribution directed to the attaching creditor.

*Error assigned* was the decree of the court.

*D. B. Taylor,* for appellants.

*E. Walter Smith,* for appellee.

OPINION BY KELLER, J., July 13, 1922:

1. We agree with the construction placed by the court below upon rule No. 40 of its rules of court. It is, in terms, restricted to cases where the answer filed by the garnishee denies that he has assets in his hands liable to the attachment. The answer filed by appellants, as executors of Peter Stiffler, deceased, admitted that they had moneys in their hands belonging to said estate, and payable upon the settlement of the estate to the creditors of Peter Stiffler, or to his heirs, of whom the defendant in the judgment, A. H. Stiffler, was one; but averred that until the debts had been paid and the estate settled it could not be determined how much thereof, if any, the said defendant, A. H. Stiffler, would be entitled to. The plaintiff was not required to traverse such an answer and his failure to do so did not automatically dissolve the attachment, under said rule of court.

2. The attachment in execution issued upon appellee's judgment was not affected by the scire facias to revive said judgment and the entry of judgment therein. The plaintiff can have only one satisfaction but is entitled to all process necessary to obtain that: Tams v. Wardle, 5 W. & S. 222. The fact that she had issued an attachment execution on her judgment did not prevent her from keeping alive the lien of said judgment on any real estate owned by the defendant. The scire facias to revive was in no sense an abandonment of the attachment: Silver-

thorn v. Townsend, 37 Pa. 263. In Neely v. Grantham, 58 Pa. 433, judgment was recovered on July 22, 1856, attachment execution thereon issued August 22, 1856, and return thereof made on August 25, 1856. On December 31, 1864, plaintiff issued a scire facias on his judgment against the defendant and on September 26, 1865, judgment was entered against the defendant in the scire facias. This action did not prevent recovery of judgment against the garnishees on the trial of the attachment execution. It was held in Bohan v. Reap, 7 Pa. Superior Ct. 167, that an attachment execution may issue on a judgment which has lost its lien upon real estate without the issue of a scire facias to revive said judgment, but it is nowhere intimated therein that it would have been improper to have issued such a writ of scire facias or taken judgment therein subsequently. A judgment may be revived by scire facias issued between the date of levy on land and the sale without affecting the execution issued under the original judgment: Foulke v. Millard, 108 Pa. 230, 236.

3. The plaintiff did not issue an alias attachment on the original judgment. She simply filed alias interrogatories in the attachment suit, which never having been dissolved was still in force.

4. At the hearing before the auditor, A. H. Stiffler, defendant in the attachment and one of the executors named as garnishees, testified that on March 12, 1909, the date the attachment was served on the executors of Peter Stiffler, deceased, the garnishees had no money coming to him in their hands, because some time previously, upon the receipt by him of some proceeds of timber which they had sold Langham Bros. he had kept $1,213.26. It appeared in evidence that this amount was far in excess, not only of his share of the money received by the executors to that time, but also of his entire interest in the estate, including additional timber money and the purchase money of real estate subsequently sold which was received years later; that his

coexecutor had not agreed or consented to such appropriation by him, but that he "stuck it in his pocket," ...... "just got it and kept it." He could not say definitely when this money was received, but his brother testified on his behalf that in paying for the timber H. B. Langham had given some money to A. H. Stiffler and some to him, G. W. Stiffler. On the other hand the evidence showed conclusively that Langham Bros. had paid the executors by checks payable to them jointly and so endorsed by them, and that both had joined in a final receipt; that before the service of the attachment, the executors had made payments to the other heirs of $1,600, or on the basis of $200 for each heir, which corresponded with the return of the sheriff that he had attached $200 of the defendant, A. H. Stiffler, in the hands of the garnishees. These payments were made by check but the executors' bank account was not produced to support their testimony. The account filed by the executors fails to set forth the dates of payment of the various items of credit claimed in the account, and the vouchers were not presented or, at any rate, are not printed; but there is enough to show that the personal property inventoried and a large part of the proceeds of sale of the timber were required for the payment of the decedent's debts. It is unlikely that any such disproportionate payment to one of the executors would have been permitted before payment in full of the decedent's debts.

Furthermore, and what, in our opinion, is conclusive, is the fact that in the answer to the interrogatories filed by the garnishees on June 10, 1911, no claim or mention is made that A. H. Stiffler had received or appropriated to his own use, any part or share of his father's estate. On the contrary, the answer set forth that all of the property had not yet been sold and all of the debts had not yet been paid and until this was done and the estate settled it would be impossible to tell how much, if anything, A. H. Stiffler would be entitled to. This is not consistent with his present testimony. If an appropri-

ation, such as he now claims, had been made at that time he would undoubtedly have referred to it in his answer, and that he did not do so is conclusive to our mind that he had not made the appropriation at the time the attachment was served upon him, and that his present assertion that he had done so is an afterthought to escape payment of his debt. The evidence in support of his claim of prior appropriation is evasive, indefinite and inconclusive. A number of his statements with respect to the time and manner in which the moneys of the estate were received were proven to be erroneous, and, in the face of his sworn answer, made when the subject was fresh in his recollection, we are satisfied that little credence can be given his testimony in this regard. If such appropriation was not made prior to the service of the attachment, his share of the estate then in the hands of the executors, as well as that subsequently received by them, was bound by the attachment and was properly awarded to the attaching judgment creditor.

With this view of the case we are not called upon to decide the question whether one of two executors, who has received into his possession money belonging to the estate of his testator, may, without the knowledge or consent of his coexecutor, lawfully appropriate to his own use, before the debts are paid or the estate is settled, what he considers to be his share, not merely of the moneys so received to that date, but of the entire estate, converted and unconverted, so as to put his interest in the estate, accruing and received thereafter, beyond the reach of attachment process. Reference may be made to the following cases: Lorenz v. King, 38 Pa. 93; Zimmerman v. Briner, 50 Pa. 535; Bouslough v. Bouslough, 68 Pa. 495; Hemphill v. Yerkes, 132 Pa. 545, 553; Fagan's Est., 34 W. N. C. 66, and Neely v. Grantham, supra.

We are of the opinion that the action of the learned court below in sustaining the exception to the auditor's report was fully justified. The assignment of error is overruled and the decree of the court below is affirmed at the costs of the appellants.