## Ahlborn's Estate

*J. L. Morris, F. W. Wheaton, P. F. O'Neill,* and *G. S. McClintock,* for accountant.

*Andrew B. Dunsmore, George C. Sweeney,* and *A. A. Maguire,* for exceptant.

*A. Allen Woodruff,* contra.

HELLER, P. J., March 7, 1936.—This case concerns the claim of the Alien Property Custodian, under provisions

of the Act of October 6, 1917, 40 Stat. at L. 411, called
Trading with the Enemy Act, to the share in the Frederick C. Ahlborn estate of Johanna Hannchen Roehrig,
daughter of Caroline Ahlborn Roehrig, deceased, who is
a daughter of Frederick C. Ahlborn, deceased, intermarried, prior to 1917, with a German citizen.

At the audit of the tenth and partial account of the
trustee in the above-entitled matter the Alien Property
Custodian for the United States, under the provisions of
the Act of October 6, 1917, its amendments and supplements and the executive orders made thereunder, asks
the court to distribute to him the share or interest of
Johanna Hannchen Roehrig in the estate of her deceased
grandfather, Frederick C. Ahlborn.

Decedent, Frederick C. Ahlborn, died on April 13,
1890; his will was duly probated on May 6, 1893.

Under the terms of said will testator created a trust
of the residue of his estate in the following words:

"I give, devise and bequeath, all the residue and remainder of my estate real, personal and mixed, to Charles
Ahlborn and Maurice Gaertner, or the survivors of them
or their heirs and assigns in trust."

Charles Ahlborn, one of the trustees named, died on
February 15, 1898, leaving Maurice Gaertner, Sr., as surviving trustee. Maurice Gaertner, Sr., in his latter days,
left the active management of the trust in the hands of
his son, Maurice Gaertner, Jr., who grossly mismanaged
the same, and on May 20, 1932, the Miners Bank of
Wilkes-Barre was appointed trustee to succeed Maurice
Gaertner, Sr.

Under the terms of the will, decedent provided as follows, in the first paragraph:

". . . but as to the remainder thereof, I give, devise,
and bequeath the same to trustees, hereinafter named,
their heirs and assigns, in trust, nevertheless, for the sole
and separate use of my daughters, Caroline, now of Bamberg, Bavaria; Ella, Sophia, Hildegard and Ernestine,
share and share alike, during their natural lives, notwith-

standing any coverture of any or all of them, and so as not to be in any way or manner whatsoever liable to the contracts, debts, or engagements of any husband either may take, and also so as not to be in any way or manner whatsoever subject to the control or interference of such husband, but the proceeds thereof if resulting from rental, to be paid over annually by the trustees, or the survivor of them, to my said daughters in equal parts, if resulting from a sale of said premises, then the proceeds to be safely invested by the trustees, and the income to be paid annually to my said daughters, in equal parts. Whenever the death of any of my said daughters shall ensue, then the share of such deceased shall forthwith go to, and belong to her children, if she shall leave any, and if not, then the same shall at once go to, and belong to her surviving brother, or brothers, and sister, or sisters, as the case may be, their heirs and assigns, share and share alike."

The codicil to the will includes a daughter, Emma, born subsequent to the execution of the will. Other provisions in the will relate to the management of decedent's estate, and in each instance the residue becomes a part of the trust as above set forth. Henrietta Ahlborn, widow of decedent, died on June 14, 1928. Caroline Roehrig, one of the daughters, died on April 6, 1926, leaving to survive her one child, Johanna Hannchen Roehrig. Caroline Ahlborn Roehrig, deceased daughter, who was a native-born American, intermarried, in 1917, with a German citizen, residing in 1917 in Bamberg, Bavaria, Germany, and was living there at the time of her death.

Under the terms of decedent's will, Johanna Hannchen Roehrig, daughter of Caroline Ahlborn Roehrig, would be entitled to a proportionate share of the trust fund; her interest in the same being contingent and only vesting in her in the event that she outlived her mother, which she did. If Caroline Ahlborn Roehrig died without surviving issue, her share would itself go to and belong to her sur-

viving brother, or brothers and sister, or sisters, as the case may be, their heirs and assigns, share and share alike.

Up to this point there are no complications incident to distribution under the terms of testator's will. A life tenancy was created for the daughters; a contingent remainder to any surviving issue of said daughters, and an outright distribution to surviving brothers and sisters in the event of any of the sisters dying without surviving issue. This we believe states the facts as we find them under the will.

With the advent of the World War a new situation arose. The United States Government has an interest, which arises under the authority vested in the President of the United States and the Alien Property Custodian, by Act of Congress and the provisions of the Act of October 6, 1917.

In pursuance of said act, Caroline Ahlborn Roehrig and her child were adjudged enemies within the intendments of the act, and two demands issued covering all their right, title, and interest, in and to the estate of Frederick C. Ahlborn, deceased. These demands were served upon Maurice Gaertner, surviving trustee, and service thereof accepted by him on August 20, 1918. On June 5, 1920, an amendment was made to the Trading with the Enemy Act (41 Stat. at L. 977), authorizing return of property to women who were native-born citizens of the United States who married Germans prior to April 6, 1917. Thereafter, and pursuant to claim filed by Caroline Ahlborn on February 9, 1921, the Attorney General ordered the return, under date of January 23, 1922, of all cash income collected, and released all her interest in the estate, specifically reserving the demand which covered all right, title, and interest of the children in the said estate, however.

The Alien Property Custodian repeatedly served notice upon the said Maurice Gaertner, Sr., and ordered him to deliver to the United States the share of Johanna Hannchen Roehrig, the sole surviving child of Caroline

Ahlborn Roehrig, a resident of Bamberg, Bavaria, Germany.

The question as presented here resolves itself solely to this: Is a contingent remainder subject to "seizure" under the Trading with the Enemy Act?

The demand of the Alien Property Custodian of August 20, 1918, carries with it two purposes: One, an attempt to seize the interest in the Ahlborn estate of Caroline Roehrig, being income she was receiving as life tenant; second, an attempt to seize the contingent remainder of Johanna Hannchen Roehrig, the daughter of Caroline Roehrig. The income of Caroline Roehrig was for a time paid to the Alien Property Custodian and later on repaid to her under the provisions of subsection 3, sec. 9, of the Act of February 27, 1921, 41 Stat. at L. 1147.

When demand of August 20, 1918, was made for the contingent interest of Johanna Hannchen Roehrig there was no property which could have been turned over to the custodian, for the reason that it could not be ascertained if there was a child of Caroline Roehrig who would ever have an actual interest in the corpus of the estate. This would wholly depend upon the existence of a child as of later undetermined date, namely, at the time of Caroline's death.

On August 20, 1918, when demand was made, Johanna Roehrig had no money or property in the estate of Frederick C. Ahlborn, deceased, other than a contingent interest, which would not vest until the death of her mother, and which could not be fixed as to percentage of possible participation owing to the legal presumption of additional children prior to her mother's death. It was subject to complete failure in the event of Johanna's death prior to that of her mother, Caroline. Under testator's will, if Johanna Roehrig had died before her mother this portion of the Ahlborn estate would have gone, in fee, to his other heirs, not to the children or devisees of Johanna Roehrig. The interest of Johanna Roehrig in the corpus of the Frederick Ahlborn estate could become "property", or

could vest under the terms of the will only upon and after the happening of a particular event within the lifetime of Johanna, to wit, upon the death of her mother, Caroline Roehrig, which event did not occur until April 6, 1926. The interest of Johanna Roehrig in August 1918, was a mere contingent remainder and could not possibly be determined until such time as it became vested.

In Pennsylvania the rule exists that a contingent remainder or expectancy is not the subject of an attachment, and this is what the Alien Property Custodian has attempted.

In Patterson et al. v. Caldwell et al., 124 Pa. 455, Mr. Justice McCollum laid down the rule which we believe applies in the present matter, in the following language:

"That which has a present and certain existence although its possession and enjoyment may be postponed for a time, may be seized by it, but it cannot grasp expectancies or contingent interests. The consequences of a contrary doctrine are well described by Mr. Justice GREEN in Day v. New England Life Ins. Co., 111 Pa. 507."

The rule is reaffirmed in Robbins' Estate, 199 Pa. 500. We again find it in Weeter's Estate, 21 Pa. Superior Ct. 241, and in Mechanics' National Bank v. Buckman, 56 Pa. Superior Ct. 285.

We also find the rule as it applies in Pennsylvania set forth in In re Wetmore, 108 Fed. 520, in which the Circuit Court of Appeals for the Third Circuit dismissed the petition of a trustee in bankruptcy demanding that a bankrupt pay over to the trustee moneys received by the bankrupt subsequent to the date of bankruptcy which came to the bankrupt as a result of a contingent interest existing in his father's estate at the time of the bankruptcy.

In view of the rule as set forth by our Pennsylvania courts and the Circuit Court of Appeals for the Third Circuit, we find, as a matter of law, that on August 20, 1918, there was no right, title, or interest of Johanna Hannchen Roehrig in the estate of Frederick C. Ahlborn, deceased,

which could be conveyed, transferred, assigned, delivered, and paid over to the Alien Property Custodian. And we therefore dismiss the claim of the Alien Property Custodian.