## Blair Motor Car Co., to use, v. Mervine

*Paul E. Beaver* and *Alvin L. Little*, for plaintiff.
*Robert Madore*, for execution creditor.
*Reiley & Reiley*, for garnishee.

WRIGHT, P. J., May 12, 1944.—This is an interpleader proceeding. The fund in dispute represents the proceeds of a sheriff's sale of personal property, to recover which the sheriff instituted suit against a defaulting bidder. At the pretrial conference it was agreed that no facts were in dispute and that the legal questions involved should be disposed of by the court upon the pleadings.

Plaintiff, Commercial Credit Corporation, claims the fund by virtue of a writ of attachment execution. It is clear that such proceeding cannot be sustained. Money levied by the sheriff upon a fieri facias, and either actually or potentially in his hands, cannot be attached: Fretz v. Heller, 2 W. & S. 397. This rule applies generally to money held by a person in an official capacity: Bulkley v. Eckert et al., 3 Pa. 368 (treasurer of school district) ; Moore Bros. & Co. v. Noon, 14 Luz. L. R. 143 (constable) ; National Cash Register Co. v. Kratz et al., 46 Montg. 63 (justice of the peace) ; Ross v. Clarke, 1

Dallas 354 (prothonotary) ; Tannahill v. Gilmore et al., 21 D. & C. 417 (clerk of quarter sessions court).

On the other hand, it is equally clear that the interpleaded claimant, John P. Cuppett, proceeded properly in issuing a writ of fieri facias. Money raised on an execution adverse to the debtor, and not in his personal possession, is liable to be taken in execution: Herron's Appeal, 29 Pa. 240. Where proceeds of a sheriff's sale of personal property are in the hands of the sheriff, a subsequent execution will bind such proceeds: Sullivan et al. v. Tinker, 140 Pa. 35; Smyth & Field, etc., v. Levy, 6 Pa. Superior Ct. 23.

The remaining question involves the claim of the garnishee for the fee and expense of his attorney, covering services performed in the suit by virtue of which to the reasonableness of the amount.

Counsel for John P. Cuppett contends that this claim of the sheriff should be paid by the County of Bedford, citing Centre County v. Keeler, Sheriff, 27 D. & C. 352, and Duck's Appeal, 29 D. & C. 155. These decisions hold that compensation paid for legal counsel is a necessary expense under the Act of March 17, 1933, P. L. 14, fixing the annual salary of sheriffs in counties of the seventh class, which "in addition to any expenses which may be incurred by such sheriff in the performance of his duties shall be paid by the county from moneys in the county treasury". We do not feel, however, that Bedford County should be charged with the legal expense of creating this particular fund since the Superior Court has ruled that the litigation was discretionary: Calhoun v. Commercial Credit Corp., 151 Pa. Superior Ct. 589. Considering the fact that there would have been no fund for distribution had the sheriff not chosen to litigate, it is our opinion that the fund realized should be liable for the legal fee and expense the fund was created. No question has been raised as incurred in its creation.

Proceeds of sheriff's sales must be distributed according to equitable principles: Turtle Creek Bank & Trust Co. v. Murdock, 150 Pa. Superior Ct. 277, 282. In that case an attorney's charging lien was extended to the proceeds of a sheriff's sale on the theory that the legal services performed primarily aided in producing the fund. Chief Justice Maxey has written a learned opinion on this general subject in Harris' Appeal, 323 Pa. 124, in which case an attorney for the owner of real estate taken in condemnation proceedings was allowed the reasonable value of his legal service and expense as against the mortgagee of the property.

Included in the sheriff's claim is an item representing the expenses of resale. As this item was claimed in the suit and contained in the recovery, it clearly must be included in the award to the garnishee. So that there may be no misunderstanding, we expressly state that the term "costs" as used in our decree will include the costs of the unsuccessful attachment execution together with the costs of the ensuing interpleader proceeding. The term will not include the costs of the John P. Cuppett fieri facias, which must be paid out of the fund awarded to that writ.

### Decree

Now, to wit, May 12, 1944, out of the fund for distribution, the sum of $148.83 is awarded to the claim of D. E. Calhoun, the garnishee, and the balance of the said fund, to wit, the sum of $155.06, is awarded to the claim of John P. Cuppett on alias fi. fa. no. 34, May term, 1943. The costs shall be paid by the Commercial Credit Corporation.