## Personal Finance Company v. Clement et al.

*Frank Bechtel* and *Albert T. Hanby*, for plaintiff.
*Mortimer B. Rosenberger* and *Harold B. Beitler*, for garnishee.

GORDON, JR., J., January 9, 1934.—Having recovered a judgment against the defendants, the plaintiff issued an attachment execution and filed interrogatories directed to the City of Philadelphia Police Pension Fund Association as garnishee. The garnishee answered the interrogatories, admitting a certain sum to be due to one of the defendants as a pension to which he has become entitled, but denied its obligation to respond to the attachment, on the ground that its funds are not subject to attachment. The plaintiff then took the rule now before us for judgment on the answers to the interrogatories, and the ques-

tion presented is whether obligations of the police pension fund association to pensioners are liable to attachment.

It may be conceded that, speaking generally, there is nothing in the nature of an annuity or pension which would exempt a debt of that character from liability to attachment, unless it is specifically exempted therefrom, either by express legislative enactment or by reason of some special circumstances relating to a particular fund as, for instance, that it is a public debt and, hence, exempt for reasons of public policy. The police pension fund was established by the Act of May 24, 1893, P. L. 129, and, until the passage of the Act of May 20, 1915, P. L. 566, the police departments of cities of the first class were the only ones protected by pensions. By the latter act, however, the legislature required cities of the first class to create a fund for the pensioning of all its employes and, in section 12, exempted the pension paid under it from attachment. The garnishee contends that the action of the City of Philadelphia, after the passage of the Act of 1915, in continuing to support and recognize the Police Pension Fund Association established by the Act of 1893, by making appropriations to it, rather than in establishing a new pension system for members of the police department, amounted to an adoption of that method for complying with the general mandate of the Act of 1915, and that the garnishee was thus brought within the exemption from attachment provided in that act. This argument would be persuasive were it not for the fact that section 10 of the Act of 1915 provides that the benefits conferred by it "shall apply to all persons employed in any capacity by or holding positions in the cities included in its provisions . . . : Provided, That this act shall not apply to employees of such departments, bureaus, or offices as are now protected by pension authorized by the laws of this State, and in force at the time of the passage of this act." This definitely takes the garnishee out of the operation of the provision for exemption from attachment contained in section 12 of that act. We cannot, therefore, agree with the contention of the garnishee that the Act of 1915 exempts its funds from attachment.

We think, however, that for another reason the pension of a police officer is not subject to attachment. It is well settled that municipalities and their funds are not subject to attachment because, for reasons of public convenience, the government cannot be embarrassed in its functioning by being subjected to the annoyance and uncertainties arising out of quarrels between persons entitled to payment from public funds and others claiming a right therein by attachment, assignment, other otherwise. This being so, we must look into the nature of the police pension fund in order to determine whether it is essentially a governmental debt. If it is, it is not subject to attachment; if, on the other hand, it does not possess that characteristic, it is subject thereto.

The Act of 1893, which created the pension fund, authorized and directed the several cities of the Commonwealth to establish "a police pension fund to be maintained by an equal and proportionate monthly charge against each member of the police force which shall not exceed annually three per centum of the pay of such member." It will be noted that the pension paid under this act to members of the police department is based upon, and arises out of, a regular compulsory deduction from the pay due them. The full pay to which a police officer is entitled does not come into his hands until retirement, when he receives it together with the accretions that it has earned by investment and by contribution from the city treasury. The pension is therefore a part of the governmental salary due the individual. Though deferred, it is as much a payment by the municipality for services rendered as is that which the employe receives at the time of the deduction; it is merely payment upon a deferred basis. Funda-

mentally, the pension and pay are of the same nature, and as such should be subject to the same rule of law respecting attachment, and, since the pay is not subject to attachment for the reasons stated, the pension, which is merely deferred payment of the balance of the earned salary, is not subject to attachment for the same reason.

A different situation would be presented if the contribution of the employe were not compulsory, or if the association were a purely voluntary organization, independent of the obligation of the municipality, imposed by the Act of 1893, to establish and support it. In that event, the law would look upon the contribution of the employe to the pension fund as having been received from him after the receipt by him of his full pay from the city, and he would be in the position of a mere purchaser of an annuity. That is not the case here, however, and we think that for the reasons stated the police pension fund is not subject to attachment for debts of its members.

The rule against the garnishee for judgment on the interrogatories is therefore discharged.