## BULKLEY *v.* ECKERT et al.

Money held by a person in his official capacity as treasurer of the board of school directors, in common with other money, to be applied towards the payment of teachers, according to the rules and regulations of the acts of Assembly for the maintenance of public schools, and not as a private debt due from him to the defendant, cannot be attached under the act of 1836.

ERROR to the Common Pleas of Northumberland county.

*July* 22. A judgment in favour of E. Bulkley, against Jacob Ulp, and Jacob Eckert was entered of record, in the Court of Common Pleas of Northumberland county.

Under an attachment in execution issued on this judgment, the sheriff attached money in the hands of a certain John Paul, and summoned him, as garnishee. In answer to interrogatories exhibited by the plaintiff, the said John Paul said, that at the time of the service of the attachment in execution upon him, he was one of the school directors of Point township, Northumberland county, and was also treasurer of the board of school directors; that he had in his custody, as treasurer aforesaid, the public money to be applied to the support of the schools in said township; that Jacob Ulp, one of the defendants, had been a teacher of one of the said schools, and that there was due to him, for services, the sum of ——— dollars. That the said garnishee, at the time of the service of the writ aforesaid, had not any money in his hands, due and owing to the defendants, or either of them, except as aforesaid.

It was agreed by and between the parties, that the answers of the garnishee to the interrogatories of the plaintiff, were the facts of the case, and should be considered by the court as a case stated, subject to a writ of error by either party. Judgment to be entered in favour of the party, who, in the opinion of the court, was entitled to recover, under the law and facts. The court below (ANTHONY, President) were of the opinion, that money in the hands of the treasurer of the board of school directors, in his official capacity, could not be legally attached, and directed judgment to be entered for the defendant. Whereupon, the plaintiff sued out this writ of error.

*Pleasant,* for plaintiff in error, and

*Hegins,* for defendant in error, submitted the case here, without argument.

*July* 24. ' SERGEANT, J.—The person in whose hands this claim was attached, held the moneys in his official capacity as treasurer of the board of school directors, in common with other money, to be applied towards the payment of teachers, according to the rules and regulations of the acts of Assembly for the maintenance of public schools, and not as a private debt due from him to the defendants. His situation does not appear to us to be distinguished from that of a sheriff or prothonotary,. who has money in his hands as a public officer; and it has been determined that these are not liable to the process of attachment. Great public inconvenience would ensue, if money could be thus arrested in the hands of officers, and they be made liable to all the delay, embarrassment, and trouble that would ensue, from being stopped in the routine of their business, compelled to appear in court, employ counsel, and answer interrogatories, as well as take care that the proceedings are regularly carried on, and bail to return duly given. If a precedent of this kind were set, there seems no reason why the state or county treasurers, or other fiscal officers of the Commonwealth, or of municipal bodies, may not be subjected to the levying of attachments, which has never been attempted nor supposed to come within the attachment law. We do not, therefore, think this is such a debt as is contemplated by that law.

The judgment is affirmed.