# J. C. SULLIVAN ET AL. v. C. F. TINKER.
## [E. W. KOHL v. J. C. SULLIVAN ET AL.]

APPEAL BY PLAINTIFFS FROM THE COURT OF COMMON PLEAS
NO. 3 OF PHILADELPHIA COUNTY.

Argued January 23, 1891—Decided February 16, 1891.
[To be reported.]

1. When a judgment has been collusively confessed, for the purpose of
defrauding the defendant's creditors, and the proceeds of a sheriff's
sale of the defendant's personalty, under such judgment, are in the
hands of the sheriff, an execution issued by a bona-fide creditor, upon
a judgment obtained after the sheriff's sale, will bind such proceeds,
and give such creditor a standing to contest the validity of the fraudu-
lent judgment.

2. When, in such a case, a verdict in a feigned issue has determined that
the prior judgment was fraudulent, and the fund is insufficient to pay
the bona-fide creditor's claim in full, the whole of it should be awarded
to him; and this, although the amount was increased by advances of
the fraudulent plaintiff to pay off liens prior to his execution, in further-
ance of the fraud found; equity will not give reimbursement for pay-
ments so made.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.

No. 177 July Term 1890, Sup. Ct.; court below, No. 1087
December Term 1887, C. P. No. 3.

On February 24, 1888, judgment was entered in the court
below in favor of Sullivan, Harker & Co., against Charles F.
Tinker, upon a single bill, with a warrant to confess judgment,
for $524.72, dated February 23, 1888, and payable one day
after date. Execution was at once issued upon the judgment,
and the sheriff levied on the goods of the defendant subject to
a prior levy in favor of Wright Bros. & Co., and on March 5,
1888, he sold the goods for $500.

On March 17, 1888, E. W. Kohl, as trustee for himself and
certain other creditors of Tinker, obtained judgment against
the latter for $699.39, and issued an execution thereon. On
April 5, 1888, Kohl filed a petition which, after reciting the
facts above stated, made the following averments:

Statement of Facts.

"That your petitioner believes, and expects to be able to prove, the following material facts, in connection with the distribution of the fund above realized, which facts are now in dispute, viz.:

"That the note on which judgment in the above case was entered was given by the said Charles F. Tinker, defendant, to the said Sullivan, Harker & Co., plaintiffs above named, on February 24, 1888, though dated the day before, to wit, February 23d, at the earnest solicitation of one of them, namely, John C. Sullivan, and upon representations made at and before the signing thereof by him, and in furtherance of an agreement between them, as follows:

"That a certain judgment (C. P. No. 3 December Term 1887, No. 1033) obtained against the said Tinker by Wright Bros. & Co., for $31.20, on which there was a balance still due of $11.20, having come to the notice of the other creditors of the said Tinker, they would at once press him for payment, and would probably recover judgment against him and sell him out at sheriff's sale, unless some plan should be adopted to prevent them ; that if he would give the said Sullivan, Harker & Co., the note mentioned, they would hold it as collateral security, enter up judgment on it, and use it to 'pull him through' his financial difficulties; that they would not issue execution on said judgment, but would hold it against him, so that, should other creditors threaten suit, he could convince them that it would be useless for them to sue or press him for payment, as the said Sullivan, Harker & Co. already had judgment and could at any time sell him out; after giving said note to the plaintiffs, he could refer such creditors to the said John C. Sullivan, and he would 'satisfy' them; and that plaintiff would not oblige the said Tinker to discharge his indebtedness to them at once.

"Your petitioner further avers that the said note, on which judgment has been entered as aforesaid, was given and received by the parties thereto, not bona fide, but in pursuance of the agreement aforesaid, and with the purpose and intent, on both sides, to hinder, delay and defraud the other creditors, among whom are this petitioner and his cestuis que trust, of their true and lawful actions, suits, debts and damages.

"Your petitioner further says that the defendant, to carry

out and in pursuance of the above recited agreement, told various of his creditors, who called upon him to collect their debts, that there was no use in their trying to collect, as he had given a judgment note to Sullivan, Harker & Co. who were going to see him through."

The petitioner prayed that issues be framed to determine the material facts relating to the distribution of the fund. The court thereupon granted a rule for a feigned issue and for the payment of the fund into court, and subsequently made the rule absolute.

The sheriff having paid the money into court, a feigned issue was framed between E. W. Kohl, as plaintiff, and Sullivan, Harker & Co., as defendants, to try:

" 1. Whether or not the above judgment was confessed by the said Charles F. Tinker to the said Sullivan, Harker & Co., under and in pursuance of an agreement between the said Sullivan, Harker & Co. and the said Charles F. Tinker, that the said Sullivan, Harker & Co. should not issue execution upon the said judgment, but should hold the said confessed judgment, and the said Charles F. Tinker should inform his other creditors that the said Sullivan, Harker & Co. held the said confessed judgment and would issue execution thereon, if his other said creditors pressed him for payment.

" 2. Whether or not the said confessed judgment was given by the said Charles F. Tinker to the said Sullivan, Harker & Co. for the purpose of hindering and delaying the creditors of the said Charles F. Tinker."

On January 23, 1890, a jury was called, who after trial found for the plaintiff, Kohl, on both issues; and, on April 19, 1890, the court, on motion of Kohl's attorney, made an order directing the payment of the fund to him.

On May 1, 1890, Sullivan, Harker & Co. filed a petition, averring that the order of April 19, 1890, was made without notice to them, and improvidently, in that the execution of Kohl was not issued until after the sheriff's sale which produced the fund, and therefore was not a lien thereon; that the petitioners were equitably entitled to at least a part of the fund, by reason of having paid prior liens thereon, as follows: March 6, 1888, L. C. Cleeman, Esq., landlord's claim for rent, $45.00; March 5, 1888, Richard J. Lennon, magistrate, the

amount of a prior execution and costs, $30.54, and March 7, 1888, Wright Bros. & Co., the amount of a prior execution and costs, $24.17, amounting together to $99.71. Upon these averments, the petitioners prayed that the order of April 19, 1890, be revoked, etc.

The court thereupon granted a rule to show cause why the order awarding the fund to Kohl should not be revoked, and the fund again paid into court. On June 14, 1890, this rule was discharged, the court ordering, however, that Kohl forthwith pay into court the sum of $24.17, being the amount of the debt, interest and costs due on the Wright Bros. & Co., judgment.

Thereupon Sullivan, Harker & Co. took this appeal, specifying that the court erred:

1. In granting the issue to determine whether the appellants' judgment was given to hinder, delay and defraud creditors.

2. In directing the sheriff to pay the fund in his hands into court.

3. In directing the distribution of the fund in court to E. W. Kohl, trustee.

4. In not directing said fund to be paid to the appellants.

5. In not directing the appellants' advances for the payment of prior liens to be repaid to them.

*Mr. Allen H. Gangewer* and *Mr. Robert H. Neilson,* for the appellants:

1. Kohl had no lien on the fund, his judgment not having been obtained until after the sheriff's sale: § 39, act of June 16, 1836, P. L. 768; Trickett on Liens, § 267. He was therefore not interested and was not entitled to an issue: Smith v. Reiff, 20 Pa. 364; Weiss's App., 5 W. N. 423; Stinson v. McEwen, 1 Tr. & H. Pr., ed. 1880, 672; Weis v. Weis, 3 W. N. 76. The date of the sheriff's sale is the time to which all liens entitled to the proceeds are to be computed: Bachdell's App., 56 Pa. 386; Walton v. West, 4 Wh. 221; Ramsey's App., 4 W. 71.

2. At all events, the facts set up in the petition for the issue do not amount to fraud, there being no allegation that the appellants' judgment was confessed for a sum greater than was

justly due, or that the agreement entered into, by which the judgment was confessed, operated to defraud any one at all: Walker v. Bank, 98 Pa. 574; 1 Tr. & H. Pr., ed. 1880, § 808. The fund belongs either to the appellants or to the defendant, Tinker; but the appellants' judgment was certainly good against him. The order directing the feigned issue must be reversed, if erroneous, notwithstanding the verdict therein: Weigley v. Conrade, 132 Pa. 147; Scott's App., 123 Pa. 155.

3. The court can make a distribution itself after hearing, but the usual practice is to refer the distribution to an auditor: Garrison's App., 38 Pa. 531; Barrett's App., 71 Pa. 317. Had either of these courses been taken, the question of the appellants' right to reimbursement for their outlays would have been properly adjusted. They were entitled to reimbursement, either by analogy to the right of subrogation, which may be enforced whenever any one, not a mere volunteer, discharges the debt of another: Miller's App., 119 Pa. 620; or, on the principle that a trustee, even if de son tort, must be fully reimbursed for his outlay, before being obliged to surrender the trust property: Frazer v. Hallowell, 1 Binn. 126; Deitzler v. Mishler, 37 Pa. 82.

*Mr. Harold Goodwin* and *Mr. Theodore F. Jenkins*, for the appellee:

1. If a petition for the payment of money into court and for an issue be presented by a proper party, and allege material facts in dispute, the issue is of right and must be ordered: § 87, act of June 16, 1836, P. L. 777; § 2, act of April 20, 1846, P. L. 411; Dickerson's App., 7 Pa. 258; Overholt's App., 12 Pa. 222; Souder's App., 57 Pa. 503; Providence etc. Co. v. Chase, 108 Pa. 323; Schwartz's App., 21 W. N. 246; Ryman's App., 124 Pa. 635. A creditor having a lien on the fund is a proper party, and Kohl was such, if a surplus in the hands of the sheriff under an execution adverse to the defendant may be levied on. That this may be done, is settled: Herron's App., 29 Pa. 240; Rudy v. Commonwealth, 35 Pa. 166. Money of the defendant, not on his person, may be taken in execution: § 23, act of June 16, 1836, P. L. 765. And no exception was taken, in the court below, to the order directing the feigned issue, which was necessary, as Mr. Chief Justice SHARSWOOD intimates in Walker v. Bank, 98 Pa. 574.

2. The confessed judgment in favor of the appellants is vicious beyond redemption: Bunn v. Ahl, 29 Pa. 387; Weir v. Hale, 3 W. & S. 288. The affidavit of the appellee on which the issue was granted, fully meets all the requirements specified in Robinson's App., 36 Pa. 81. The verdict and judgment on the feigned issue are conclusive of the facts found by the jury: Garrison's App., 38 Pa. 531. Admitting that it is usual to refer questions of distribution to an auditor, the court had an undoubted right to distribute the fund itself, and as the fund was small, neither party desired a reference to an auditor in this case. The doctrine of subrogation has no application to the appellants' claims. They were mere volunteers in paying Tinker's debts, if they did pay them, and were thereby carrying out the fraudulent scheme to hinder and delay other creditors, by obtaining control of all executions against him prior to their own.

PER CURIAM:

If the court below was right in awarding the feigned issue, the distribution of the fund is also correct, as it was made in strict accord with the finding of the jury. The application for the issue was made by Kohl, as trustee for certain judgment creditors of Charles F. Tinker, and the ground of it was that the judgment confessed by Tinker to the appellants was collusive, and given for the purpose of hindering and delaying the creditors of Tinker. The jury have found that it was given for such purpose. It was urged, however, that the judgment creditors had no standing to claim an issue, for the reason that they had no lien upon the fund made by the sheriff and paid into court. It is true the appellee's judgment was not obtained until after the sale of the personal property by the sheriff; but we are of opinion that the fieri facias issued upon appellee's judgment bound the fund in the sheriff's hands. It was the money of the defendant in the execution, not money made by the sheriff upon an execution in which he was the plaintiff. Money of a defendant, not on his person, may be seized and taken in execution: See § 23, act of June 16, 1836; also, Herron's App., 29 Pa. 240; Rudy v. Commonwealth, 35 Pa. 166.

Nor are we convinced that the court erred in refusing to order that so much of the fund as had been produced by appel-

Statement of Facts.

lants' advances in paying prior liens should be repaid them out
of the fund: See fifth assignment. These payments were
made by the appellants the better to enable them to perpetrate
the fraud found by the jury; that is, to hinder and delay the
creditors of Tinker. Under such circumstances, the law will
not help them. It is true these payments have increased the
fund for distribution, and to this extent the appellee is bene-
fited. It is equally true the appellants intended no such re-
sult. On the contrary, the money was paid in an attempt to
prevent appellee from getting his honest dues. This distribu-
tion was made under the equity powers of the court, and these
appellants have no equity.

> The decree is affirmed, and the appeal dismissed,
> at the costs of the appellants.