Weicht, Appellant, *v.* Automobile Banking Corp.

Argued May 28, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*A. J. White Hutton,* for appellant.

*John McD. Sharpe,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, June 25, 1946:
Charles C. Weicht, appellant, commenced this action in assumpsit against Automobile Banking Corporation, appellee, a foreign corporation, by issuing a writ of foreign attachment out of the Court of Common Pleas of Franklin County, directing the sheriff to attach, in par-

ticular, the interest of appellee in a Studebaker Commander Sedan. The sheriff made due return, stating that at the time he received the writ of foreign attachment the said automobile was already in his possession by virtue of a writ *de retorno habendo* and that it re-mained in possession by virtue of said writ and an alias writ *de retorno habendo*. On motion of appellee, and after hearing, the court dissolved the foreign attachment. Appeal was taken to the Superior Court which affirmed the decree of the court below *(Weicht v. Automobile Banking Corporation,* 158 Pa. Superior Ct. 430, 45 A. 2d 396). This Court allowed an appeal.

Prior to the issuing of the writ of foreign attachment appellee had instituted an action in replevin against appellant to secure possession of the car involved in this case. Judgment was entered for want of a sufficient affidavit of defense. The automobile remained in the possession of appellant for several weeks. Thereafter, on April 18, 1945, appellee had issued and placed in the hands of the sheriff a writ of *de retorno habendo,* and on April 19, 1945, said writ was duly served and possession of the automobile was taken by the sheriff. On the same day appellant had issued the present writ of foreign attachment. On April 23, 1945, the sheriff made return of the writ *de retorno habendo,* reciting that he had possession of the automobile. On May 7, 1945, appellee moved to dissolve the attachment for the reason that the automobile was *in custodia legis*.

The question here is, Does a sheriff, having taken possession of property by virtue of a writ *de retorno habendo,* hold the same *in custodia legis* and thus prevent execution or attachment thereon by other creditors, or does he hold such property for the sole benefit of the holder of the judgment in the replevin action?

The reason for the immunity of property *in custodia legis* is that to permit attachment or execution thereon by others would require a public officer to appear and defend a multitude of actions regarding the right to

possession and would cause confusion and delay in the execution of legal process. Protection of the rule of *custodia legis* is removed when the purpose for which the property is held has been achieved. See 7 C.J.S. section 88. In each case it is for the court to decide whether there was such custody of the law as should prevent the second attachment; in this case nothing remained to be done except the manual delivery of the automobile, and that was not sufficient to prevent the second attachment: compare *Winternitz's Appeal*, 40 Pa. 490.

Here, the sheriff had in his possession by virtue of the writ *de retorno habendo* the automobile for delivery to appellee, which was the purpose for which the writ was issued. Appellee's right to the automobile was fixed and definite. Possession by the sheriff in the instant case is no different than possession by an attorney or trustee who holds for distribution the proceeds of a partition. See *Fenton v. Fisher*, 106 Pa. 418, 420; *Riley v. Hirst*, 2 Pa. 346. Nor does it differ from surplus funds in the hands of a sheriff after execution and sale: *Herron's Appeal*, 29 Pa. 240. Appellee's contention and the opinion of the majority of the Superior Court, that property in the hands of a sheriff on a writ *de retorno habendo* remains *in custodia legis* until the property is delivered to the judgment creditor, cannot be sustained.

Reliance was placed upon *Ross v. Clarke*, 1 Dallas 380, *Riley v. Hirst*, supra, and *Bulkley v. Eckert*, 3 Pa. 368. In *Ross v. Clarke*, supra, the report does not show whether there had been an order upon the prothonotary to pay money in his custody to Clarke. Clearly, until Clarke's right to money was fixed the same could not be attached. The same observation may be made in *Bulkley v. Eckert*, supra, where no part of the money had been set aside but was held in common with other money. *Riley v. Hirst*, supra, merely held that an attorney at law, although appointed by the court, was not a public official. To the same effect is *Fenton v. Fisher*, supra,

where a trustee was appointed to effect a sale in partition. Furthermore, as has been pointed out, the rights of the parties in and to the fund in the hands of the attorney and trustee were fixed.

The decree of the Superior Court is reversed; the record remanded to the Court of Common Pleas of Franklin County, with direction to reinstate the writ of foreign attachment. Costs to abide the final determination of the case.