## Commonwealth v. Mooney (et al., Appellant)

Argued September 30, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*James Francis Ryan,* for appellant.

*Martin Vinikoor,* Assistant District Attorney, with him *Michael von Moschzisker,* First Assistant District Attorney, and *Richardson Dilworth,* District Attorney, for appellee.

OPINION BY RHODES, P. J., November 12, 1952:

The question presented on this appeal is whether the pension or retirement allowance due a policeman from the City of Philadelphia Police Pension Fund Association is exempt from attachment under a support order entered by the Municipal Court of Philadelphia County in favor of the pensioner's wife. The order of the court below sustaining the attachment will be reversed, the garnishee having appealed.

The wife's support order, entered March 21, 1949, was in the amount of $3 a week; arrearages aggregated $366. A warrant of seizure was issued and notice given to the Pension Fund Association as garnishee. The deserting husband receives $123 per month from the Pension Fund Association, which amount the wife seeks to attach and obtain for payment of her support order.

After hearing before Judge LINTON of the Municipal Court, the warrant of seizure was confirmed, and an order made directing the Pension Fund Association, as garnishee, to pay to the clerk of the Municipal Court 50 per cent of the pension due and payable to the husband until arrearages have been liquidated or paid, and thereafter the weekly sum of $3. The Pension Fund Association was granted an exception to the order in so far as it requires the garnishee to pay the pension or retirement allowance towards the wife's support.

The court below held the fund was attachable in the possession of the garnishee, and apparently follows the reasoning of an earlier ruling in *Com. ex rel. v. Dougherty,* 44 Pa. D. & C. 305 (1942), which was decided prior to the amendatory Act of June 10, 1947, P. L. 537, 53 PS §344.

The police pension fund is set up under the Act of May 24, 1893, P. L. 129, as amended, 53 PS §341 et seq. Section 2 of the Act of June 10, 1947, P. L. 537, adding section 4 to the Act of May 24, 1893, P. L. 129, as amended, 53 PS §344, provides: "The retirement allowance herein provided for shall not be subject to attachment, execution, levy, garnishment or other legal process, and shall be payable only to the beneficiary designated by this act and shall not be subject to assignment or transfer." There is agreement that funds in the hands of municipalities and governmental agencies, owing to individuals, are not subject to attachment because of general public policy that the government shall be free from the annoyance and uncertainty arising out of disputes between individuals entitled to payments from public funds and others claiming a right therein by attachment. *Personal Finance Co. v. Clement,* 20 Pa. D. & C. 283, 284; *Fairbanks Co. v. Kirk,* 12 Pa. Superior Ct. 210, 211. Although the Pen-

sion Fund Association was originally incorporated as a private corporation, the legislative history thereof shows it to be an agency of the municipal government, and as such it carries on the duties imposed by the legislature. *Bausewine v. Philadelphia Police Pension Fund Association,* 337 Pa. 267, 269, 270, 10 A. 2d 446. Cf. *Commonwealth v. Dauphin County,* 335 Pa. 177, 183, 184, 6 A. 2d 870.

In our opinion, pension payments or retirement allowances due a policeman from the Pension Fund Association are not subject to attachment or other legal process. The fund is not subject to attachment by ordinary creditors as a matter of public policy if for no other reason. We recognize that orders for support are in a somewhat different category due to the fact that it is the policy of the law to make all of a husband's resources available for the support of his wife and family. Act of May 10, 1921, P. L. 434, §1, 48 PS §136; *Moorehead's Estate,* 289 Pa. 542, 137 A. 802; *Stewart's Estate,* 334 Pa. 356, 5 A. 2d 910. However, we may not lose sight of the further fact that the legislature has the power to provide that funds in the hands of governmental agencies shall not be subject to attachment or legal process of any kind. Thus, in *Com. v. Berfield,* 160 Pa. Superior Ct. 438, 442, 51 A. 2d 523, 525, we said that annuity or pension payments due a retired employe under the Railroad Retirement Act of Congress were exempt from attachment where Congress provided that such payments were not subject to " 'attachment or other legal process under any circumstances whatsoever . . .' " We think it is equally clear that our legislature by the language it used in the amendatory Act of 1947 intended the present fund to be exempt from attachments of any kind, including those arising under support orders. The Act says such payments "shall not be subject to attachment, execu-

tion, levy, garnishment *or other legal process, . . .*" [Italics supplied.] This exemption clause is as inclusive as it could be made.

The court below in its opinion relies on *Zwingmann v. Zwingmann,* 150 App. Div. 358, 134 N.Y.S. 1077 (1912). In that case the right of the wife to attach the police pension fund for support was sustained where the statute exempted the fund from attachment "on behalf of any creditor or person having or asserting any claims against . . . any pensioner of said fund." The exemption clause in the New York statute was not as comprehensive as that in the amendatory Act of 1947. Therefore, the New York decision is not persuasive.

Further, the Act of 1947 provides that the retirement allowance "shall be payable only to the beneficiary designated by this act . . ." It is true that the income from inter vivos, or testamentary, trusts is subject to attachment for the support of a wife even though the trust be a spendthrift trust. *Moorehead's Estate,* supra, 289 Pa. 542, 552, 137 A. 802; *Stewart's Estate,* supra, 334 Pa. 356, 5 A. 2d 910; *Lippincott v. Lippincott,* 349 Pa. 501, 37 A. 2d 741. And the general policy of the law which makes spendthrift trusts subject to attachment for support is given recognition by express statutory enactment. Act of May 10, 1921, P. L. 434, §1, 48 PS §136; section 12 of the Estates Act of April 24, 1947, P. L. 100, 20 PS §301.12; *Stewart's Estate,* supra, 334 Pa. 356, 365, 5 A. 2d 910.

If the legislature had intended to make such funds held by governmental agencies liable to attachment, it could have so provided in the various acts on the subject. The legislature did not so provide; on the contrary, it used language in the Act applicable to the police pension fund which exempts such fund from attachment or other legal process of any kind.

We can come to no other conclusion than that the amendatory Act of 1947 means what it clearly says, and that therefore it is applicable to the attachment for support in the present case. Statutory Construction Act of May 28, 1937, P. L. 1019, §51, 46 PS §551. In *Com. v. Berfield,* supra, 160 Pa. Superior Ct. 438, 442, 51 A. 2d 523, we made the pertinent observation that the legislative provision exempting such fund from attachment is not in aid of delinquent husbands, but rather for the protection of the governmental agency. The funds are attachable in the hands of the delinquent husband, when received by him, and proceedings may be directed against him personally for failure to pay support though his only resources are derived from such payments.

The order of the court below is reversed, and the warrant of seizure set aside in so far as it is directed to apply to the City of Philadelphia Police Pension Fund Association.