Ostroff et al., Appellants, *v.* Yaslyk.

Argued June 12, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*James Francis Lawler,* for appellants.

*Francis J. Gafford,* Deputy Attorney General, with him *Herbert W. Salus, Jr.* and *Melvin E. Soll,* Special Assistant Attorneys General, and *Walter E. Alessandroni,* Attorney General, for Commonwealth, intervenor-appellee.

OPINION BY ERVIN, J., September 17, 1964:

The appellants, who are attorneys, instituted a suit for their attorneys' fees against their client, Ilko Yaslyk, by filing a writ of foreign attachment against the funds in the hands of the administratrix of the estate of Dymytry Yaslyk on deposit in the Philadelphia Saving Fund Society. The Commonwealth of Pennsylvania intervened and filed preliminary objections, which were sustained by the court below and the attorneys have taken this appeal.

The appellants represented their client in his claim as an heir of the estate of Dymytry Yaslyk, a brother, who had died intestate and whose estate was in the Orphans' Court of Philadelphia County for settlement. The complaint of the attorneys set forth that they are residents of the Commonwealth of Pennsylvania and citizens of the United States of America, and that they had rendered legal services to Ilko Yaslyk, a resident and citizen of the U.S.S.R., by establishing his right as an heir in his brother's estate over the objections of the Commonwealth of Pennsylvania and some first cousins who were American citizens. The complaint had attached to it a power of attorney which authorized the attorneys to appear for and represent their client against the estate of his deceased brother and provided for an attorneys' fee of 25 per cent of the amount actually recovered from the estate.

On July 8, 1963 Judge BOLGER of the Orphans' Court of Philadelphia awarded "to the Commonwealth of Pennsylvania, one-half thereof for the benefit of Ilko Yaslyk in accordance with the Act of July 28, 1953, to be held until such time as Ilko Yaslyk can prove that he will have the use, benefit, control and enjoyment thereof. . . ."

The fund at the time of the service of the writ of foreign attachment was in the possession of Anastasia Murianka, the administratrix, and she had it on de-

posit with the Philadelphia Saving Fund Society. Anastasia Murianka resides in Philadelphia County and was served with the writ of foreign attachment in that county. The Philadelphia Saving Fund Society maintained the aforesaid account in Philadelphia County and was served with the writ of foreign attachment in that county. The appellants had presented a claim for attorneys' fees to the Orphans' Court and the Orphans' Court, in its adjudication, said: "The Auditing Judge does not make any finding concerning the representation by Ostroff & Lawler, Esqs., for Ilko Yaslyk since it is unnecessary to do so in view of the awards that will be made hereinafter." The County Court sustained the preliminary objections because (1) it believed that the action of the Philadelphia Orphans' Court made the matter res judicata, and (2) it believed that the fund was in custodia legis and therefore immune from attachment.

The adjudication of the Orphans' Court in the estate of Dymytry Yaslyk did not make this present claim in the County Court res judicata. "Ordinarily the orphans' court has no jurisdiction to determine fees between a distributee and his attorney. Such a situation arises between living parties which can only be settled in an action at law where either party has a constitutional right to trial by jury: . . . ." *Purman Estate,* 358 Pa. 187, 191, 56 A. 2d 86; *Way Estate,* 379 Pa. 421, 435, 109 A. 2d 164; Hunter O.C. Com. Bk., 2d ed., Vol. 1, page 146, §4(a).

President Judge TAXIS, in a well-considered opinion in *Zubko Estate,* 12 Pa. D. & C. 2d 557, 562, in a claim very similar to the present one, stated: "I conclude, however, that the orphans' court has no jurisdiction to determine fees between the distributee and his attorney. . . ."

Furthermore, we do not believe that Judge BOLGER ever intended to adjudicate the attorneys' fee in the

orphans' court. The orphans' court did not have jurisdiction of the attorneys' claim in this case and its adjudication could not make the present claim res judicata.

We are also of the opinion that the money of Ilko Yaslyk was not in custodia legis at the time the attachment was served. The money was actually in the possession of Anastasia Murianka, the administratrix of the estate of Dymytry Yaslyk and was on deposit in the Philadelphia Saving Fund Society in Philadelphia. At the time of the attachment the Commonwealth was merely a prospective custodian of the fund. *Weicht v. Auto. Banking Corp.*, 354 Pa. 433, 47 A. 2d 705, cited by the court below in its opinion, was a case in which the plaintiff, in a foreign attachment, attached an automobile in the possession of the sheriff by virtue of a writ of de retorno habendo in a replevin action. The court below dissolved the writ of foreign attachment and its action was affirmed by our court. The Supreme Court reversed our action and reinstated the writ of foreign attachment. At page 435 Judge PATTERSON, for the Supreme Court, said: "Protection of the rule of custodia legis is removed when the purpose for which the property is held has been achieved. See 7 C.J.S. section 88." He further stated: "Here, the sheriff had in his possession by virtue of the writ de retorno habendo the automobile for delivery to appellee, which was the purpose for which the writ was issued. Appellee's right to the automobile was fixed and definite. Possession by the sheriff in the instant case is no different than possession by an attorney or trustee who holds for distribution the proceeds of a partition. See Fenton v. Fisher, 106 Pa. 418, 420; Riley v. Hirst, 2 Pa. 346. Nor does it differ from surplus funds in the hands of a sheriff after execution and sale: Herron's Appeal, 29 Pa. 240."

In the present case nothing remained to be done with the funds in the hands of the administratrix and

garnishee except to turn such funds over to the Commonwealth to hold as a custodian for Ilko Yaslyk. The Commonwealth has no proprietary interest in this fund and never will be anything more than a custodian. There is no involuntary annoyance to the government in this case. At the time of the attachment the money was the property of a private individual, Ilko Yaslyk. We are not dealing with a public fund, as in the case of *Com. v. Mooney,* 172 Pa. Superior Ct. 30, 92 A. 2d 258.

What Judge RENO said in his dissenting opinion in *Weicht v. Auto. Banking Corp.,* 158 Pa. Superior Ct. 430, 436, 437, 45 A. 2d 396, is peculiarly applicable to the present case: "Granting that inconvenience, delay, embarrassment, and trouble should be weighed in forming judgment, how about the inconvenience and trouble imposed upon this appellant who is turned out of our courts, and compelled to seek a remedy in another jurisdiction? For my part, balancing the onerous inconvenience and vexatious trouble appellant must endure against the trifling and slight duties which would be cast upon the sheriff, I cannot, uncritically following an ancient legal fiction, deny him access to the courts of his own state."

If the fund here involved may not be attached, the attorneys who performed their services for their client will either be obliged to go without fee or to institute suit therefor in Russia.

Judgment reversed and cause remanded with a procedendo.

---

DISSENTING OPINION BY WRIGHT, J.:

There is no question that appellants performed services for which they were entitled to payment. At the audit, they requested that their claim be allowed. However, the award of the auditing judge was made unconditionally to the Commonwealth of

Pennsylvania, and no appeal was taken. The status of the fund was fixed by this adjudication and it is now immune from attachment.