Ostroff *v.* Yaslyk (et al., Appellant).

Argued March 23, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

184

*Francis J. Gafford,* Deputy Attorney General, with him *Walter E. Alessandroni,* Attorney General, for Commonwealth, appellant.

*James Francis Lawler,* with him *Ostroff & Lawler,* for appellees.

OPINION BY MR. JUSTICE ROBERTS, September 29, 1965:

This case presents the question of whether a fund awarded by an orphans' court to the Commonwealth as custodian to be held for an Iron Curtain distributee is subject to foreign attachment in the County Court of Philadelphia by persons seeking to recover legal fees for their services as counsel for the distributee.

Dymytry Yaslyk died December 20, 1956, intestate, a resident of Philadelphia County. The Orphans' Court of Philadelphia found that he was survived by a brother, Ilko, who resides in Russia, and that he had another brother, Michael, whose whereabouts was unknown at the time of the audit.

Appellees are attorneys-at-law and acted on Ilko's behalf to secure his share of his brother's estate. This they did by designation of a New York law firm which, in turn, acted under a power of attorney purportedly

executed by Ilko in Russia. The power authorized the New York firm, or its designated counsel, to represent Ilko's interest in the decedent's estate for a contingent fee of "25% of the amount actually recovered from the estate."

The orphans' court awarded the entire distributable estate, without escheat, to the Commonwealth of Pennsylvania as custodian. One half of the estate ($9,985.97) was directed to be held for the benefit of Ilko under the provisions of the Pennsylvania "Iron Curtain Act"[1] and the other half was directed to be held for the benefit of Michael under §1314 of The Fiscal Code.[2]

In its adjudication, the orphans' court stated that "the Auditing Judge does not make any finding concerning the representation of . . . [appellees] for Ilko Yaslyk since it is unnecessary to do so in view of the awards that will be made hereinafter." No exceptions were filed to that adjudication nor was an appeal taken. However, shortly after the orphans' court adjudication, appellees instituted an action by foreign attachment against Ilko in the County Court of Philadelphia for their claimed fee of 25% ($2,500) of the award for Ilko's benefit. The administratrix of the decedent's estate and the bank where the funds were deposited[3] were named as garnishees.

The Commonwealth of Pennsylvania was granted leave to intervene in the attachment proceedings and filed preliminary objections to the complaint. The

---

[1] Act of July 28, 1953, P. L. 674, §2, 20 P.S. §1156 (Supp. 1964). The orphans' court directed that Ilko's share of the estate was "to be held until such time as Ilko Yaslyk can prove that he will have the use, benefit, control and enjoyment thereof."

[2] Act of April 9, 1929, P. L. 343, §1314, 72 P.S. §1314.

[3] At the time the writ of foreign attachment was issued, the money had not yet been transferred to the Commonwealth pursuant to the orphans' court decree.

county court sustained the preliminary objections and dismissed the complaint without prejudice. On appeal, the Superior Court reversed that determination and remanded the cause with a procedendo. 204 Pa. Superior Ct. 66, 203 A. 2d 347 (1964).[4] We granted allocatur. 205 Pa. Superior Ct. 1 (1965).

After careful review of the record, analysis of the issues, and consideration of the governing principles, we are persuaded that the decision of the Superior Court must be reversed. In reality, what appellees seek to achieve in the county court proceeding is a determination in that forum which will reduce the full award of Ilko's beneficial interest to the Commonwealth by $2,500, the amount claimed by appellees. To allow such a procedure would be to permit a final orphans' court decree, confirming the final account of a fiduciary and awarding distribution of a decedent's estate, to be attacked and disturbed by a foreign attachment proceeding in a court of limited and non-estate jurisdiction.

Such a result not only ignores the conclusiveness of the orphans' court decree but is prohibited by the exclusive jurisdiction of the orphans' court mandated by statute[5] and the limited, non-estate jurisdiction of the county court.[6] The orphans' courts of the Commonwealth have exclusive jurisdiction of the administration and distribution of decedents' estates, of the control of estate fiduciaries, and of the settlement of their accounts. *Horner v. First Penna. Banking & Trust Co.,* 412 Pa. 72, 194 A. 2d 335 (1963); *Cole v. Wells,* 406 Pa. 81, 177 A. 2d 77 (1962); *Freihofer Estate,* 405 Pa. 165, 174 A. 2d 282 (1961); *Trout v. Lukey,* 402 Pa. 123, 166 A. 2d 654 (1961). In this area of the law, and un-

---

[4] WRIGHT, J., filed a dissenting opinion.

[5] Act of August 10, 1951, P. L. 1163, §301, as amended, 20 P.S. §2080.301.

[6] Act of July 12, 1913, P. L. 711, §§9, 10, 11, as amended, 17 P.S. §§692, 693, 694.

der our allocation of court jurisdiction, the county court, as well as the courts of common pleas, equity or other nisi prius courts are entirely without judicial power to act in the administration and distribution of decedents' estates.

The fiduciary of the estate being accountable solely to the orphans' court in the administration of the estate, and the distribution of estate assets being exclusively within the jurisdiction of the orphans' court, that tribunal's final decree awarding the estate balance to the Commonwealth as custodian was a conclusive direction to the fiduciary to comply with the mandated distribution. That adjudication and decree is subject to modification or alteration only by the orphans' court or an appellate tribunal under appropriate circumstances. Cf. *Cole v. Wells*, 406 Pa. 81, 177 A. 2d 77 (1962); *In re Archdeacon*, 134 N.J. Eq. 535, 37 A. 2d 34 (1944).

The county court correctly concluded that under the circumstances of this case it lacked jurisdiction to entertain the attachment proceeding.[7] This result is required, not only by the specific jurisdictional provisions of the Orphans' Court Act but also by procedural and practical necessity for the orderly administration

---

[7] The Superior Court, in reversing the county court, assumed that the trial court's determination was based, at least in part, on that court's holding that the issue of appellees' claim for counsel fees was decided in the orphans' court and was, therefore, res judicata. We do not so read the decision of the county court. The opinion of that court quoted and relied upon the orphans' court adjudication which specifically stated that no finding was made concerning appellees' representation. Contrary to the impression of the Superior Court, the county court predicated its decision on the ground that a court of competent and exclusive jurisdiction in decedents' estates had made an unconditional and final award. The county court held, therefore, that it lacked judicial power "to entertain a suit which would in any way conflict with the absolute award by the Orphans' Court."

of decedents' estates. Any other result would have the chaotic effect of subjecting an estate fiduciary to the hazards and uncertainties of competing and conflicting directions by various courts in the administration and distribution of estates.[8]

The order of the Superior Court is reversed and the order of the County Court of Philadelphia dismissing the complaint is affirmed.

---

[8] Pa. R.C.P. 1252 provides that a foreign attachment may be issued to attach property not exempt from execution. While *Weicht v. Automobile Banking Corp.*, 354 Pa. 433, 47 A. 2d 705 (1946), and *Commonwealth v. Mooney*, 172 Pa. Superior Ct. 30, 92 A. 2d 258 (1952), both contain aspects similar to the instant case, neither can be deemed controlling on the point of whether the fund became exempt from execution after the final orphans' court decree. Our examination of the issues involved persuades us that the fund is exempt from execution. Similarly, we do not interpret the Act of July 27, 1842, P. L. 436, §1, 12 P.S. §2897 as permitting the issuance of a writ of foreign attachment after the final decree of the orphans' court.