Wheatcroft, Appellant, *v.* Smith et al.

28

Argued September 11, 1975. Before WATKINS, P.J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Maurice M. Green*, for appellant.

*Bernard J. McLafferty*, with him *Horace A. Daven-port*, and *James A. Cassel*, for appellees.

OPINION BY CERCONE, J., March 29, 1976:

The instant appeal arises from the order of the lower court sustaining the garnishees' preliminary objections and quashing plaintiff's writ of execution. The garnishees (the Tax Claim Bureau, the Treasurer and the Controller of Montgomery County) successfully raised the doctrine of Custodia Legis in the lower court. We find that doctrine to have been misapplied and will reverse. The facts are as follows.

Plaintiff (appellant herein) purchased defendants' land at a tax sale in 1969. Defendants subsequently brought suit to challenge the validity of the sale and refused to vacate the premises or pay the taxes as they accrued during the four years of ensuing litigation. Ultimately the sale was upheld on appeal in our

Supreme Court, whereupon plaintiff brought an action to quiet title and for possession, which culminated in the defendant's eviction and the entry of a money judgment in favor of plaintiff in the amount of $15,050.00.

The amount realized in the tax sale of defendants' property was more than sufficient to pay the delinquent taxes, and left a surplus of $4,058.35 refundable to the defendants.[1] Therefore, pursuant to his money judgment, plaintiff obtained a writ of execution naming the aforementioned public officials as garnishees. The Tax Claim Bureau had technical possession of the money to be refunded, and the Treasurer and Controller would issue a draft for the money at the direction of the Bureau. When the garnishees interposed their preliminary objections, and they were sustained by the lower court, plaintiff appealed.[2]

Execution upon a judgment against garnishees may be effectual if the garnishees owe the judgment debtor a debt. For this purpose the debt is treated as though it were the "property" of the judgment debtor, and therefore amenable to execution by the judgment creditor. D. Dobbs, Remedies §1.3 at p. 11 (1973). See also Pa. R. C. P. 3101 (b) (1), 19 P.S. Appendix (1964). Generally, however, funds in the hands of the Commonwealth or its political subdivisions, owing to individuals, are not attachable since public policy holds that the government should be free from the annoyance and uncertainty arising out of disputes between the individuals to whom the money is owed and those claiming a right therein by garnishment. *Commonwealth v. Mooney*, 172 Pa. Superior Ct. 30 (1952). This policy has early roots in the law of this Commonwealth, and once

---

1. Act of September 27, 1973, P.L. 264, No. 74, §4, 72 P.S. §6850.304 (Supp. 1975).

2. At this stage of the proceedings we need express no opinion as to whether the Treasurer and Controller of Montgomery County are proper parties to be garnished. That decision should abide the responses to the interrogatories.

admitted no exception. *Bulkley v. Eckert*, 3 Pa. 368 (1846). The unfairness of the rule was manifest when, in point of fact, there would be little if any of the "inconvenience . . . . delay, embarrassment and trouble" to which the court in *Bulkley* alluded in support of the rule. Predictably, exceptions to the general rule were necessary.

Thus, in *Winternitz's Appeal*, 40 Pa. 490 (1861), our Supreme Court found no difficulty in upholding the execution upon a refund owed by the sheriff when the money to pay the refund was only held pending its distribution to the judgment debtor. See also *Sullivan v. Tinker*, 140 Pa. 35 (1891). Thus, the exception developed that funds or property are not in custodia legis when the public purpose for which the funds were being held has been discharged. 7 C.J.S., Attachment §88. As the Supreme Court stated in *Weicht v. Automobile Banking Corp.*, 354 Pa. 433 (1946):

> "The reason for the immunity of property in *custodia legis* is that to permit attachment or execution thereon by others would require a public officer to appear and defend a multitude of actions regarding the right to possession and would cause confusion and delay in the execution of legal process. Protection of the rule of *custodia legis* is removed when the purpose for which the property is held has been achieved .... [I]n this case nothing remained to be done except the manual delivery of the automobile, and that was not sufficient to prevent the ... attachment." *Id.* at 434-35.

In cases where property or money is held by the Commonwealth, one of its subdivisions, or an agency thereof, and simply awaits distribution to a judgment debtor, the policy behind the doctrine of custodia legis is not frustrated by permitting garnishment.[3] Hence, the

_____

3. Other exceptions exist where, for example, municipal authorities more nearly resemble large-scale private enterprises than

doctrine should not apply. *Ostroff v. Yaslyk*, 204 Pa. Superior Ct. 66 (1964), rev'd on other grounds, 419 Pa. 183 (1965).

In the instant case, the lower court sought to harmonize its result with the *Weicht Case* by explaining that herein plaintiff sought to *attach* a general treasury fund into which many accounts are routinely commingled. At this stage of the proceedings, however, no such attachment is possible, and the lower court's rationale tends to blur a fine distinction between attachment and garnishment.

Garnishment is a proceeding wherein the judgment creditor seeks to determine whether the garnishee owes a debt to the judgment debtor, or has property of the judgment debtor in his possession.[4] The garnishment proceeding starts with service upon the garnishee of a writ of execution and interrogatories. The object of the interrogatories is to determine whether the suspected debt exists.[5] The judgment previously obtained by the judgment creditor works an equitable assignment of the debt owed to the judgment debtor to the extent necessary to satisfy the judgment;[6] and, the judgment creditor stands in the same position *vis a vis* the garnishee as would the judgment debtor.[7] After the garnishment, the only obligations upon the garnishee are to answer the interrogatories and to notify the judgment debtor, by registered or certified mail at his last known address, of the impending garnishment proceedings.[8] This having been done, the garnishee need only await the court's

---

governmental units. *Central Contracting Co. v. C.E. Youngdahl & Co. Inc.*, 418 Pa. 122 (1965); *In re Condemnation of Better Days Urban Renewal Project*, 42 D. & C. 2d 632 (C.P. Crawford Co. 1967).

4.  7 Standard Pennsylvania Practice 749 (Rev. ed. 1961).

5.  *Id.* at 753.

6.  *Id.* at 750.

7.  *Id.*

8.  *Id.* at 751. Presumably, at least in situations where the debt

determination of to whom the debt should be paid. No *attachment* of any fund will be necessary unless the garnishee refuses to repay the debt, in which case the judgment creditor may execute on the garnishment "judgment" just as the judgment debtor might have done if he had obtained the judgment against his debtor, the garnishee herein.[9] Hence, the question of commingling of accounts, at least at this stage of the proceedings, is irrelevant.

Of course, we do not suggest that the Commonwealth need always be susceptible to garnishment, even in situations where the public purpose for which funds are being held has been served. See, e.g., *Ostroff v. Yaslyk*, 419 Pa. 183 (1965). The rules governing attachment execution contemplate some forms of immunity. Pa. R.C. P. 1276 (c). We hold only that the protection of *custodia legis* is not available when the government has achieved the purpose for which the funds are being held, and nothing remains to be done except the return of the fund to the judgment debtor. This is such a case.

Order of the lower court is reversed and the case remanded with a *procedendo.*

HOFFMAN, VAN DER VOORT, and SPAETH, JJ., concur in the result.

———

owed is greater than the amount of the judgment, the garnishee need not even go to the trouble of answering the simple interrogatories, which has the effect of admitting the debt.

9. *Id.* at 750. Of course, in some cases the garnishee may deny any obligation to the judgment debtor, or several judgment creditors may seek satisfaction of several judgments from the same garnishee. Whether or not, in those cases, the doctrine of custodia legis may be properly applied is not before us. However, in the former situation the material question may be whether an assignee of the debt might maintain suit on the claim; while, in the latter situation, Pa. R.C.P. 2307 (a) might relieve any additional burden on the garnishee.

DISSENTING OPINION BY PRICE, J.:

Because I believe the majority further erodes the doctrine of Custodia Legis and because I, like the lower court, do not under this doctrine perceive the fine distinction between attachment and garnishment, I respectfully dissent.

In *Ostroff v. Yaslyk*, 204 Pa. Superior Ct. 66, 203 A.2d 347 (1964), it is clear that at the time of the action the funds involved were in the hands of the administratrix and on deposit in a Philadelphia bank. The Commonwealth was merely a prospective custodian of the fund. We also held that since the Commonwealth would never be more than a custodian and never would have a proprietary interest in that fund, there would be no involuntary annoyance. Such are not the facts of this case and, therefore, do not, to my view, form a basis for the majority's position.

In *Weicht v. Automobile Banking Corporation*, 354 Pa. 433, 47 A.2d 705 (1946), I do not find a weakening of the doctrine as announced in *Bulkley v. Eckert*, 3 Pa. 368 (1846), and believe the doctrine of Custodia Legis as enunciated in *Bulkley, supra*, to still be the present law of this Commonwealth so long as the funds, as in the present case, are held in common with other funds. It seems to me that the distinction between unsegregated funds and a specific item of personal property, to-wit, an automobile, in and of itself supports the distinction. Indeed, we have ourselves recognized that distinction in our discussion of the *Weicht* case in *Ostroff, supra* at p. 70.

The majority also complains of a blurring of the fine distinction between garnishment and attachment. I agree with the detailed references to the distinctions. I do not, however, believe that they make the slightest difference to the proper outcome of this case nor to the application of the doctrine of Custodia Legis. And this is particularly so under the posture of this appeal, concerned as it is with actual execution.

I would, therefore, hold that the funds here in dispute are subject to the protection of Custodia Legis, and would affirm the order of the lower court which sustained appellees' preliminary objections and quashed the writ of execution as it affected appellees.