430 A.2d 1199

**Gunter BUCHHOLZ,**

v.

**Theodore V. CAM, Individually and d/b/a Theodore V. Cam & Assoc. and City of Philadelphia, Garnishee.**

**Appeal of CITY OF PHILADELPHIA, Garnishee.**

Superior Court of Pennsylvania.

Argued Dec. 2, 1980.

Filed June 12, 1981.

Judith N. Dean, Deputy City Solicitor, Philadelphia, for appellant.

Keith S. Erbstein, Philadelphia, for Buchholtz, appellee.

John C. Anderson, Philadelphia, did not file a brief on behalf of Cam, appellee.

Before PRICE, WATKINS and MONTGOMERY, JJ.

MONTGOMERY, Judge:

This is an appeal by a garnishee, the City of Philadelphia, (hereinafter referred to as the "City") from an order of the lower court dismissing its preliminary objections in the nature of a demurrer. The appellee, Gunter Buchholtz, obtained a judgment against Theodore V. Cam, individually and d/b/a Theodore V. Cam & Associates (hereinafter jointly referred to as "Cam"), defendant, and thereafter filed a writ of execution naming the City as garnishee. The writ

was directed against: "all funds and retainages in the possession or under the control of the City of Philadelphia due and owing or to become due and owing to the defendants, Theodore V. Cam, Individually and d/b/a Theodore V. Cam, Assoc. and Theodore V. Cam, P.C. and Associates, by virtue of the performance of any and all work by the defendant for the City of Philadelphia in connection with the defendant's contracts with Philadelphia Department of Recreation and in connection with any other of the defendant's contracts with the City of Philadelphia and all other funds and retainages in the possession or under the control of the City of Phila. (sic) due and owing or to become due and owing to the defendants." The lower court denied the City's preliminary objections, which raised the defense of immunity from attachment. A motion for reconsideration was also denied and this appeal by the City followed.

From the briefs, record, and a deposition [1] of Theodore V. Cam, it was established that Cam is an architectural consultant for the City and its Department of Recreation; that he was awarded contracts by the City after having submitted bids for same; that he is paid by the City under contracts providing a series of progress payments which are determined by the stage of progress of the project or projects on which Cam is the architect; that final payment is to be made when the entire project is completed and accepted by the City; and that at the time the deposition was taken on April 2, 1979, which was subsequent to the issuance of the writ of execution on March 6, 1979, the City project or projects on which Cam was the architect were not complete or accepted and final payment would not be expected for a considerable period of time thereafter. From this, we must conclude that what the plaintiff sought to attach was an indebtedness of an unascertained amount which was not due and payable at the time of the service of the writ of execution.

---

1. The deposition transcript was filed in the lower court subsequent to the filing of this appeal, but was included in the printed record submitted by the Appellant, and is referred to by both parties to this appeal.

■ Based upon these circumstances, we believe that the City is exempt from execution under the doctrine of custodia legis, which has been long-established in the law of our Commonwealth. See *Bulkley v. Eckert*, 3 Pa. 368 (1846). This doctrine generally provides that funds in the possession of the Commonwealth or one of its political subdivisions, owing to individuals, are not subject to attachment under the public policy that the government should be free from the annoyance and uncertainty arising out of disputes between the individuals to whom the money is owed and those claiming a right to the same funds by garnishment. *Bulkley v. Eckert, Id.; Commonwealth v. Mooney*, 172 Pa.Super. 30, 92 A.2d 258 (1952).

■ In some limited circumstances, our courts have determined that a specific factual situation compelled the creation of an exception to the general rule. The plaintiff-appellee cites the decisions in *Weicht v. Automobile Banking Co.*, 354 Pa. 433, 47 A.2d 705 (1946) and *Wheatcroft v. Smith*, 239 Pa.Super. 27, 362 A.2d 416 (1976), where exceptions were present, and argues that they support the lower court's decision in this case. We cannot agree. Both cases stand for the proposition that when the public purpose for which the funds were held has been achieved, and the money, or even property, merely awaits distribution to the judgment debtor, the policy underlying the doctrine of custodia legis is not frustrated by permitting garnishment.[2] Such circumstances are not present here, where the available evidence establishes that the funds in issue are still retained by the City pending the satisfactory completion and acceptance of a project or projects. Any money owing to Cam was in the general treasury of the City, with all other monies over which it had control. Clearly within the rule of custodia legis, much had to be done before it could be identified and allocated to the Cam contracts. Thus, we must conclude that the lower court erred in failing to apply the rule of custodia legis, and in holding that the City was not immune from execution in this case.

**2.** See also *Ostroff v. Yaslyk*, 204 Pa.Super. 66, 203 A.2d 347, reversed on other grounds, 419 Pa. 183, 213 A.2d 272 (1965).

The order of the lower court dismissing the preliminary objections filed by the City of Philadelphia is reversed, the objections are sustained, and the writ of execution dismissed.