502 A.2d 232

**SECURITY BANK AND TRUST COMPANY, Appellant,**

v.

**ROLLIN, INC., Rollin Lloyd Baumgardner and Alice Perkins Baumgardner, His Wife**

v.

**MONROE COUNTY GENERAL AUTHORITY.**

Superior Court of Pennsylvania.

Submitted Aug. 6, 1985.

Filed Dec. 20, 1985.

James A. Butz, Stroudsburg, for appellant.

Edmund G. Flynn, Stroudsburg, for Monroe, appellee.

Before BROSKY, ROWLEY and OLSZEWSKI, JJ.

BROSKY, Judge:

This is an appeal from the order quashing appellant's writ of garnishment against garnishee, the Monroe County General Authority. The central issue for our determination is whether either of two exceptions to the established doctrine of custodia legis permits appellant to name the Monroe County General Authority (herein the Authority) as garnishee. The trial court held that the Authority can not be subject to garnishment. We affirm.

Appellant, Security Bank and Trust Company, obtained a Confession of Judgment against defendant corporation, Rollin, Inc. on November 13, 1984 for the sum of $55,231.41. On December 12, 1984, the Authority, by a resolution made at its regular meeting, decided to seek an option contract on a certain 9.7 acre tract of land owned by Rollin. At that time, the Authority was in the beginning stages of the design and construction of a waste to energy facility in Monroe County. Consideration for this option contract was to be $5,000. Appellant obtained a Praecipe for a Writ of Execution against Rollin on the Confession of Judgment, naming the Authority as garnishee. The Authority answered interrogatories raising the objections that as an agency of the Commonwealth it was exempt from garnishment, and also that the $5,000 was not property owing to Rollin until acceptance of the option contract and tender of the consideration to Rollin.[1] The trial court heard arguments and entered its order quashing the writ of garnishment.

All parties agree that it is well settled law in this state that the Commonwealth and its political and economic subdivisions are generally exempt from attachment proceedings of the instant kind. *City of Erie v. Knapp*, 29 Pa. 173

---

1. It is not clear from the record whether the proposed payment of $5,000 is property subject to garnishment. However, due to our holding that the Authority is exempt from being named garnishee, the question is not dispositive.

(1857), *Commonwealth v. Mooney*, 172 Pa.Super. 30, 92 A.2d 258 (1952). The reason for such a holding is logical; it would cause a great amount of public inconvenience if money held by the Commonwealth could be garnished. Essential public projects could be stopped; and the time taken to employ counsel, answer interrogatories, etc., would unduly burden the Commonwealth in the performance of its functions. *Central Contracting Company v. C.E. Youngdahl & Co.*, 418 Pa. 122, 209 A.2d 810 (1965), *Bucholz v. Cam*, 288 Pa.Super. 33, 430 A.2d 1199 (1981).

■ Appellant correctly points to two exceptions to this exemption established by case law. The Commonwealth and its political and economic subdivisions are not exempt from garnishment proceedings when: (1) the political subdivision is authorized to routinely enter into industrial or commercial ventures and is permitted to "sue or be sued". *Youngdahl, supra;* or (2) the public purpose for which the funds held has been achieved and the assets to be attached merely await distribution. *Bucholz, supra; Wheatcroft v. Smith*, 239 Pa.Super. 27, 362 A.2d 416 (1976); *Commonwealth v. Collingdale Milkwork Company*, 71 Pa.Cmwlth. 286, 454 A.2d 1176 (1983). The trial court correctly found that the Authority was exempt from garnishment proceedings because it was not routinely authorized to enter into commercial ventures, thus distinguishing it from *Youngdahl, supra*. It was on this finding that the court quashed the writ of garnishment. However, the trial court failed to completely address the second exception to the doctrine of custodia legis.

■ Turning our attention to this exception, we believe that the trial court was correct in its result. However, further discussion is warranted. A political entity of the Commonwealth remains exempt from garnishment proceedings when the public purpose for which the funds are held has yet to be achieved. *Bucholz, supra*. Here, the public purpose that the Authority intends to achieve is the construction and operation of a solid waste to energy plant,

with the expectation that any electricity so produced will be sold to the public utility. The public purpose is not the purchasing of an option contract. Thus, the public purpose was not yet achieved in the instant case.

This project, as with all major construction projects, will require several months or years to complete. During this time many phases of construction will be completed where the payment of monies will be required to individuals or companies involved in the project. In this case, the Authority is only in the very beginning stages of the project. No land has been obtained, no bids taken for building the plant, no contractor hired. The Authority is attempting to purchase an option contract to purchase land which may or may not be the site of the proposed project. Appellant appears to contend that it is the end of these individual phases (i.e. the purchasing of the option contract) which allows the Authority to be named garnishee. Although this is an ingenious argument on behalf of appellant, we do not agree with the contention. Furthermore, none of the cases cited by appellant give rise to such a presumption and no argument has been made to justify our extending the exception.

Even if there were merit in appellant's separate phases contention, the first stage of the Authority's project would clearly be the designation and purchase of a specific site for the facility. Thus, since the land owned by Rollin may or may not be the site finally approved and purchased for the project, no singularly identifiable phase of the overall project has been achieved.

■ Therefore, we agree with the trial court that neither exception to the exemption of custodia legis has been met in the instant case. Thus, the Authority remains exempt from garnishment proceedings. Order affirmed.

ROWLEY, J., concurs in the result.